## STONE *v.* SOUTH CAROLINA.

ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH CAROLINA.

Argued March 5, 1886—Decided April 5, 1886.

A State court is not bound to surrender its jurisdiction of a suit on petition for removal, until a case has been made which on its face shows that the petitioner has a right to the transfer; and if it decides against the removal and proceeds with the cause, its ruling is reviewable here after final judgment.

All issues of fact made upon a petition for removal must be tried in the Circuit Court.

A suit between a State on the one side and citizens on the other, cannot be removed on the ground of citizenship.

A suit against partners to recover money received, for which they are jointly liable, cannot be removed on the ground of a separable controversy on the petition of one of the partners.

The case is stated in the opinion of the court.

*Mr. William E. Earle* for plaintiff in error.

*Mr. Charles Richardson Miles*, Attorney General of South Carolina, and *Mr. James Lowndes* for defendant in error.

· Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

This suit was brought by the State of South Carolina, in the Court of Common Pleas of Richland County, on the 1st of August, 1877, against Daniel T. Corbin and William Stone, partners as attorneys at law under the name of Corbin & Stone, to recover a balance claimed to be due for moneys collected by the firm for the State and not paid over. On the 27th of April, 1878, Stone presented to the court a petition for the removal of the suit to the Circuit Court of the United States for the District of South Carolina. The statement in the petition material to the question arising on this writ of error is as follows:

."That the petitioner is now, and was at the time when this action was commenced, a citizen of the State of New York and a resident therein, and his co-defendant is a citizen of South Carolina, and the plaintiff is also a citizen of the State of South Carolina. That, under and by virtue of the statutes of the United States and of the State of South Carolina, this suit is one in which there can be a final determination of the controversy, so far as the petitioner is concerned, without the presence of his co-defendant as a party to the cause."

The State court proceeded with the suit notwithstanding the petition, and after a trial gave judgment against both defendants. During the whole of such proceeding Stone denied the jurisdiction of the court after the filing of his petition. The Supreme Court of the State affirmed the judgment of the Common Pleas, and to reverse this judgment of affirmance the present writ of error was brought.

A State court is not bound to surrender its jurisdiction of a suit on a petition for removal until a case has been made which on its face shows that the petitioner has a right to the transfer. *Yulee* v. *Vose*, 99 U. S. 539, 545; *Removal Cases*, 100 U. S. 457, 474. It is undoubtedly true, as was said in *Steamship Company* v. *Tugman*, 106 U. S. 118, 122, that upon the filing of the petition and bond—the suit being removable under the statute—the jurisdiction of the State court absolutely ceases, and that of the Circuit Court of the United States immediately attaches, but still, as the right of removal is statutory, before a party can avail himself of it, he must show upon the record that his is a case which comes within the provision of the statute. As was said in *Insurance Company* v. *Pechner*, 95 U. S. 183, 185, "his petition for removal when filed becomes a part of the record in the cause. It should state facts which, when taken in connection with such as already appear, entitle him to the transfer. If he fails in this, he has not, in law, shown to the court that it cannot 'proceed further with the suit.' Having once acquired jurisdiction, the court may proceed until it has been judicially informed that its power over the cause has been suspended." The mere filing of a petition for the removal of a suit, which is not removable, does not work a transfer. To accomplish this the suit must be one that may be removed, and the petition must show a right in the petitioner to demand the removal. This being made to appear on the record, and the necessary security having been given, the power of the State court in the case ends and that of the Circuit Court begins.

All issues of fact made upon the petition for removal must be tried in the Circuit Court, but the State court is at liberty to determine for itself whether, on the face of the record, a removal has been effected. If it decides against the removal and proceeds with the cause notwithstanding the petition, its ruling on that question will be reviewable here after final judgment under section 709 of the Revised Statutes. *Removal Cases*, 100 U. S. 457, 472; *Railroad Co.* v. *Mississippi*, 102 U. S. 135, 141; *Kerr* v. *Huidekoper*, 103 U. S. 485; *Railroad Co.* v. *Koontz*, 104 U. S. 5, 15; *Chesapeake & Ohio Railroad Co.* v. *White*, 111 U. S. 134, 137. If the State court proceeds after a petition for

removal it does so at the risk of having its final judgment reversed, if the record on its face shows that when the petition was filed that court ought to have given up its jurisdiction. What effect the writ of *certiorari* provided for in § 7 of the act of 1875, to require the State court to make return of the record to the Circuit Court, would have upon the further power of the State court to proceed we do not now decide, as no such writ was issued in this case.

It only remains to consider whether on the face of this record it appears that the suit was removed from the State court by the presentation of the petition of Stone, and about that little need be said. It is not pretended that the suit was one arising under the Constitution or laws of the United States, and it certainly is not one between citizens of different States. The State of South Carolina is the sole plaintiff, and the defendants are citizens, one of South Carolina and the other of New York. The cause of action is joint, and only one of the defendants petitions for removal. There is no statute which authorizes the removal of a suit between a State and citizens on the ground of citizenship, for a State cannot in the nature of things be a citizen of any State. In *Ames* v. *Kansas*, 111 U. S. 449, the removal of a suit arising under the Constitution and laws of the United States brought by a State against a corporation amenable to its own process, was sustained, but this was because of the subject-matter of the action, and not because of the citizenship of the parties.

Neither is there any separable controversy in the case, such as might, if the necessary citizenship existed, allow Stone alone to remove the suit without joining Corbin with him in the petition for removal. The money sued for was received by the defendants as partners, and they are liable jointly for its payment, if they are liable at all. Such a case is not removable unless all the parties on one side of the controversy unite in the petition. *Removal Cases*, 100 U. S. 457; *Blake* v. *McKim*, 103 U. S. 336; *Hyde* v. *Ruble*, 104 U. S. 409.

The judgment of the Supreme Court of South Carolina is

*Affirmed.*