## SMITH *v.* CHICAGO, B. & Q. RY. CO.

*(Circuit Court, S. D. Iowa, W. D.    March Term, 1887.)*

REMOVAL OF CAUSE—REMAND—ASSIGNMENT OF CAUSE OF ACTION.

   Where a case has been removed, on the petition of defendant, from a state
   court to a United States court, by reason of the difference of citizenship of
   the parties, a motion to remand, on the ground that the cause of action has
   been assigned to one who is of the same citizenship as the defendant, cannot
   be granted when the record simply shows a motion in the state court, before
   the removal of the cause, for leave to substitute a new plaintiff, on which
   motion the court took no action.

At Law.    On motion to remand.

*Anderson & Eaton* and *J. Lyman,* for plaintiff.

*Smith McPherson,* for defendant.

SHIRAS, J.    At the June term, 1886, of the circuit court of Fremont
county, Iowa, the plaintiff filed a petition against the defendant com-
pany, seeking to recover damages in the sum of $20,000 for personal in-
juries received while on a train on defendant's road as a passenger.
On the first day of June, 1886, the defendant filed a petition and bond
for removal of the cause into the federal court, on the ground that Jose-
phine Smith was, when the suit was brought, and then was, a citizen of
Iowa, and the defendant a corporation created under the laws of Illi-
nois.    Prior to the filing of this petition for removal, a motion had
been filed asking for the substitution of one Eugene R. Cox as plaintiff,
it being averred that the cause of action had been assigned by Josephine
Smith to said Cox; it being also averred in the motion that he was a
citizen of Illinois.

The record fails to show that the state court took any action upon the
motion for leave to substitute a new plaintiff.    So far as the record now
on file in this court is concerned, it does not appear that any change of
plaintiff has been effected, and the cause upon the record appears to be
between Josephine Smith and the railway company.    Upon a motion
to remand, the court must take the facts to be as the same are set forth
in the petition for removal, aided by reference, when necessary, to the
pleadings to ascertain the character of the action.    To justify us in grant-
ing the motion to remand, we would be compelled to hold that the ac-
tion was not one between Josephine Smith and the railway company.
The averments in the petition for removal and the facts appearing on the
face of the record will not sustain us in so finding.

If it be true, as a matter of fact, that the cause of action had been
legally assigned to Eugene R. Cox, a citizen of Illinois, before the peti-
tion for removal was filed, no reason is now perceived why such fact
would not defeat the jurisdiction of this court; but such fact, if true,
cannot be made to appear upon a motion to remand.    If a party de-
sires to controvert the truth of the allegations contained in the petition
for removal, he should file a proper plea to the jurisdiction, setting forth

the matters of fact upon which he relies, and, upon such a plea, the court can hear and determine the issues of fact thus tendered. *Stone* v. *South Carolina,* 117 U. S. 430, 6 Sup. Ct. Rep. 799.

As the matter is now presented, the motion to remand must be overruled, and it is so ordered.

LOVE, J., concurs.