# JULY TERM, 1888.

PRESENT:

Hon. ALBERT H. HORTON, CHIEF JUSTICE.
Hon. DANIEL M. VALENTINE, } ASSOCIATE JUSTICES.
Hon. WILLIAM A. JOHNSTON, }

GUS LARSON v. CHARLES S. COX.

1. REMOVAL OF CAUSE; *Application; Jurisdiction of State Court.* The mere filing of a petition for the removal of an action to the circuit court of the United States, which is not removable, does not work a transfer; and the state court is at liberty to determine for itself whether, on the face of the record, a removal has been effected. If the petition for removal is not filed within the time prescribed by the statutes of the United States, the state court, having once acquired jurisdiction, may proceed and try the cause.

2. ———— *Vacating Erroneous Order of Removal.* Where a cause is not removable under the statutes of the United States, or if the petition for removal is filed too late, an order of the state court purporting to remove the cause to the United States circuit court, is erroneous; and the state court has the authority at a subsequent term of the court, if all the parties are present and no objection is made, to vacate and set aside its irregular and erroneous order, and proceed with the cause.

*Error from Allen District Court.*

EJECTMENT. The opinion states the facts. On January 24, 1887, judgment was rendered for plaintiff *Cox.* The defendant *Larson* brings the case to this court.

*Knight & Foust,* for plaintiff in error.
*Hutchings & Keplinger,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 30th day of September, 1881, Charles S. Cox commenced his action against Gus Larson, to recover the possession of a quarter-section of land in Allen county, alleging that he was the legal and equitable owner thereof, and entitled to the possession of the same. On October 25, 1881, Larson filed an answer admitting his possession, but denying that Cox had any title or estate therein. Afterward a trial was had in the cause, and judgment rendered for Cox. Larson, under the provisions of § 599 of the code, demanded another trial by notice on the journal, and thereupon the judgment was vacated and the action set down for trial at the next term. On the 17th of November, 1883, Larson filed his petition to transfer the case to the circuit court of the United States for the district of Kansas, and with the petition filed his bond, which was accepted by the court. Thereupon the court directed that the action be certified and transferred to the United States circuit court.

On January 24, 1887—being at an adjourned term of the November court—upon the motion of Cox, all the parties being present, the order of removal of the 17th day of November, 1883, was vacated and set aside. To this Larson made no objection and took no exception. The cause was then tried by the court, a jury being waived by the parties, and the court found in favor of. Cox, and rendered judgment as prayed for in his petition. Subsequently, Larson filed a motion to set aside the judgment and for a new trial, alleging therein the usual statutory grounds. This was overruled, and Larson brings the case here.

The only question presented or argued in the briefs is as to the right of the court below to set aside the order removing the case to the United States circuit court. Had the court below jurisdiction to try the case at its adjourned term in January, 1887? In *Stone v. South Carolina*, 117 U. S. 430, it was held "that a state court is not bound to surrender its jurisdiction of a suit on a petition for removal, until a case

has been made, which on its face shows that the petitioner has a right to the transfer."

Upon the filing of a petition and bond — the suit being removable under the statute — the jurisdiction of the state court absolutely ceases, and that of the circuit court of the United States attaches; but, as the right of the removal is statutory, before a party can avail himself of it he must show by the record that his is a case which comes within the provisions of the statute. · The mere filing of a petition for the removal of an action which is not removable, does not work a transfer. (*Kaeiser v. Railroad Co.*, 11 Rep. 554; 2 McCrary, 187.) To accomplish this, the suit must be one that may be removed, and the petition must show a right in the petitioner to demand the removal. In this case the action was not removable at the time the petition and bond were filed. The statute requires the filing of the petition to be "at or before the term at which said cause could be first tried, and before the trial thereof." (*Alley v. Nott*, 111 U. S. 472.)

At the time this action was commenced, and at the date of · the order of removal, and also at the time of the trial, regular terms of the district court for Allen county were held each year in that county in the months of March, June, and November. Several terms of court at which the case could have been tried, passed before the petition for removal was filed. Even if it were shown that the cause was removable under the statute, it does not appear from the record that the petition for removal was filed in time. The issues in the case were made up on the 25th of October, 1881; and the petition and bond for removal were filed on the 17th of November, 1883. In Dillon on Removal of Causes, 4th ed., § 64a, the general rule is stated to be "That the term at which said cause could be first tried, means the first term at which the cause is in law triable; that is, in which it would stand for trial if the parties had taken the usual steps as to pleadings and other preparations." Therefore, when a cause is removed under the act of 1875, it must be removed at the first term at which it becomes legally triable, and if it is postponed to a subsequent term,

whether by agreement and consent of parties or by order of ·court, it is then too late to apply for removal. (*St. L. & S. F. Rly. Co. v. Weaver*, 35 Kas. 412.)

If the petition was not filed in time, the order of the state ·court transferring the case to the United States court was erroneous; therefore the state court had authority to set aside its ·order of removal and proceed with the cause. The order setting aside the removal was not objected or excepted to. All the parties appeared and submitted themselves to the jurisdiction of the court, as if no order of transfer had been made. It is not shown that the case was actually certified to the United States circuit court, or that any of the parties ever appeared in the case in that court. We are not to assume that the court below committed error, unless the error affirmatively appears.

Upon the record as presented to us, we think the court below had jurisdiction to try the case, and therefore its judgment must be affirmed.

All the Justices concurring.