THE STATE OF CONNECTICUT, ONE OF THE STATES OF THE UNITED STATES, **v. JOHN T.** ADAMS ET AL., ADMINISTRATORS.

1. SEPARATE DEFENSES DO NOT CONSTITUTE GROUND FOR REMOVAL.

   A suit which contains but one indivisible cause of action cannot be removed to the Circuit Court of the United States under the act providing for such removal, by one of the several defendants who is a non-resident and has a separate defense consisting of a controversy that cannot be separated from the rest of the action.

2. A STATE IS NOT A CITIZEN OF A STATE WITHIN THE MEANING OF THE ACT.

   A suit between a state on the one side, and citizens on the other, cannot be removed on the ground of citizenship.

ERROR to the Court of Common Pleas of Pike county.

On the 29th of March, 1894, the administrators, with the will annexed of James Emmitt, deceased, filed their petition in the court of common pleas of

State of Connecticut, etc. v. Adams et al.

Pike county, for authority to sell the real estate situate in Pike county and of which Emmitt died seized, containing the usual averments in such cases essential to their right to an order to sell real estate, viz.: The description of the realty, amount of debts, amount of personal property of the estate, and the in sufficiency to pay same, etc. To this petition all the heirs and judgment creditors of the testator holding judgment liens on said real estate, and mortgages holding unsatisfied mortgages on the part of the real estate, were made defendants, as well as numerous legatees under the will.

The state of Connecticut, one of the defendants, held a mortgage on seven-tenths of the real estate given by Emmitt in his lifetime to secure his promissory note payable, "to the order of the treasurer of the state of Connecticut, his successors or assigns, for the use and benefit of the school fund," in the sum of $35,000.00.

The prayer of the petition was, mainly, that the several parties be required to set up their several claims and liens described therein and held against said real estate, and for authority to sell said real estate to pay costs and pay and discharge said several liens and debts according to their priority, and for general relief.

On the ninth day of May, 1894, all the other defendants having been duly served, except some whose appearance to the suit was duly entered, the state of Connecticut, by its counsel, appeared in the case and filed its petition—and therewith a bond with good and sufficient surety, as required by the statutes of the United States in such case—and prayed the court to proceed no further therein except to make the order of removal required by law, and accept said surety and bond and cause the record therein to be removed into the circuit court of the United States for the southern district of Ohio, averring that the suit was one of a civil nature between the plaintiffs (who, together with all defendants, were residents of Ohio, except one who resided in the state of Indiana), and defendants, including petitioner, the state of Connecticut, one of the states of the United States of America, and that its debt and mortgage on the realty were a separate controversy been plaintiffs and itself, wholly independent of and distinct from the claim and rights of every other defendant in the case.

On hearing, the common pleas court denied the prayer of the petition, and refused to cause the record therein to be removed into the circuit court of the United States for the southern district of Ohio. Exceptions were taken to the ruling of the court by the state of Connecticut, and it now prosecutes this proceeding in error to reverse the judgment of the common pleas court.

CHERRINGTON, J.

It may be conceded that the petition for removal of the cause was in proper form, and contained all the averments necessary to entitle the party to an order of removal, and that the bond was in proper form, and the surety good and sufficient, if the suit was such a one as comes within the provisions of the statutes of the United States for removal of suits arising under the laws of the United States, from state courts to circuit courts of the United States. Was the suit in common pleas court such a one in character?

Sec. 2, p. 612, supplement to the Revised Statues of the United States, vol. 1–2, Addition 1874–1891, found also on p. 3309, vol. 1, Revised Statutes of Ohio, Smith & Benedict, provides: "And when in any suit mentioned in this section there shall be a controversy wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."

As shown by the petition, valid debts of the testator amounting to $16,657.05, had already been presented to the administrator for allowance, and claims amounting to $176,706.95 had come to their knowledge. The total value of the personal property of the estate was not to exceed $50,000, being wholly insuffi-

-cient to pay the debts of the estate without resort to the real estate described in this petition. This could be had only by an order from the court to sell the realty. *This* could be done successfully and completely, only, by selling the same divested of all liens on it, fixing the liens, by judgment of the court according to their priority, on the fund to be created from the proceeds of sale. The suit by the administrators, making the heirs and all lienholders parties defendants, was for this purpose, and contained one cause of action only, which was indivisible, and as said by Chief Justice WAITE in *Fidelity Insurance Co.* v. *Huntington*, 117 U. S., 291: "Each of the defendants may have a separate defense to the action, but we have held many times that separate defenses do not create separate controversies within the meaning of the removal acts." Adopting the language of the chief justice in the same case: "The judgment sought against the state of Connecticut is incident to the main purpose of the suit, and the fact that this incident relates alone to the state of Connecticut, does not separate this part of the controversy from the rest of the action."

The case just referred to, we think, is similar in principle to and decisive of the question under consideration, and the conclusion is that the suit in the common pleas court was not such as falls within the provisions of the section of the statutes of the United States as above quoted.

But if the claim of the state of Connecticut *could* give rise to a *controversy* wholly between the plaintiffs and the state of Connecticut "which could fully be determined as between them," the petitioner would not be entitled to removal of the cause. The language of the statute is: "When in any suit * * there shall be a controversy which is wholly between citizens of different states * * one or more of the defendants actually interested in such controversy may remove, etc."

The state of Connecticut is not a citizen of any state. In the case of *Stone* v. *South Carolina*, 117 U. S., 430, the state of South Carolina had brought suit in one of the courts of the state against David T. Corbin and William Stone, partners as attorneys-at-law, to recover a balance claimed for moneys collected by the firm for the state, and not paid over. Stone presented a petition to the court for removal of the suit to the circuit court of the United States, on the ground that he was a citizen of the state of New York (Corbin being a citizen of the state of South Carolina), and the plaintiff was a citizen of the state of South Carolina, and that there could be a final determination of the controversy, so far as he, the petitioner, was concerned, without the presence of his co-defendant.

The state court proceeded with the trial to a judgment against both defendants. On affirmance of the judgment of the Supreme Court of South Carolina, a writ of error was prosecuted in the Supreme Court of the United States. In deciding the case, Mr. Chief Justice WAITE said: "There is no statute which authorizes the removal of a suit between a state and citizens on the ground of citizenship, for a state cannot in the nature of things, be a citizen of any state."

"A suit between a state on the one side, and citizens on the other, cannot be removed on the ground of citizenship." Third proposition of syllabus, same case.

It was suggested that the note in the case at bar was made payable to the order of the treasurer of the state of Connecticut, and that the state was merely a nominal party.

It is true that the note was made payable to the order of the treasurer, but the mortgage securing its payment was made to the state of Connecticut, which is a party to the suit, and the proper party, being the real party in interest.

The common pleas was right in refusing to remove the cause and its judgment is affirmed.

*Luther B. Yaple* and *Archibald Mayo*, for Plaintiff in Error.

*John W. Washburn, John A. Eylar*, and *W. H. Middleton*, for Defendants in Error.