THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY
COMPANY v. STONE & BRONNENBERG.

**No. 13,781.** (79 Pac. 655.)

SYLLABUS BY THE COURT.

1. REMOVAL OF CAUSE—*Instant Operation of Petition and Bond.*
   The filing of the requisite petition for removal, accompanied by
   a legal and sufficient bond, instantly operates to transfer a re-
   movable case from the state to the federal court.

2. —— *Amendment of Amount Claimed Ineffectual.* A plaintiff
   who has demanded a recovery from defendant of more than
   $2000 cannot defeat a removal by an amendment of his petition
   reducing the amount of his demand, after a proper and suffi-
   cient petition and bond for a removal have been filed.

3. —— *Amount in Controversy Defined.* In actions for un-
   liquidated damages the amount in controversy is ordinarily the
   amount which the plaintiff in good faith demands, and where
   the law prescribes no limitation on the extent of the recovery
   the determination of the amount of recovery rests with the
   court and jury trying the case.

Error from Montgomery district court; THOMAS J.
FLANNELLY, judge. Opinion filed February 11, 1905.
Reversed.

*M. A. Low, W. F. Evans,* and *Paul E. Walker,* for
plaintiff in error.

*F. J. Fritch,* and *T. H. Stanford,* for defendants in
error.

The opinion of the court was delivered by

JOHNSTON, C. J. : The firm of Stone & Bronnenberg
brought an action against the Chicago, Rock Island &
Pacific Railway Company to recover damages for un-
necessary and unreasonable delay in delivering a
shooting-gallery that was shipped from Independence,
Kan., to El Reno, Okla., a part of the distance being
over the line of the railway company. In their peti-

tion, consisting of two counts, they claimed unliqui-
dated damages in the sum of $2249.   Of this amount
$1363 was claimed in the first count and $886 in the
second.   The railway company seasonably filed a
petition for removal of the cause to the federal court,
which was sufficient in averment and form, and also
filed a bond such as is required in cases of removal.
Soon afterward, and before the district court had taken.
up the matter of removal, the plaintiffs filed an
amended petition, in which the amount of their de-
mand for damages was reduced to $1949.   After the
amendment the application to remove was presented
and denied, and the court, assuming to hold and
exercise jurisdiction of the case, proceeded with the
trial.

It is conceded that there was the diversity of citi-
zenship necessary to a removal, but the court ruled
that the amount in controversy did not exceed $2000,
and was, therefore, insufficient to give federal juris-
diction.   The amendment of the petition was made
before the application to remove was presented to, or
ruled upon by, the court, but if the case was a re-
movable one the right of removal was not affected by
the amendment, nor by the ruling of the court deny-
ing it.   It is the settled rule that the filing of the pe-
tition for a removal, accompanied by a legal and
sufficient bond, operates to transfer a removable case
from the state to the federal court.   (25 U. S. St. at L.
433; 1 U. S. Comp. St. 1901, p. 508; *Larson v. Cox,*
39 Kan. 631, 18 Pac. 892.; *Rodman v. Railway Co.,* 65
id. 645, 70 Pac. 642, 59 L R. A. 704; *Steamship Co.
v. Tugman,* 106 U. S. 118, 1 Sup. Ct. 58, 27 L. Ed.
87; 18 Encyc. Pl. & Pr. 347, and cases cited.)   At
that time the jurisdiction of the federal court at-
taches, and the state court may proceed no further.

A party cannot defeat a removal by an amendment of a pleading, diminishing his demand, after the petition and bond for removal have been filed. (*Riggs v. Clark*, 37 U. S. App. 626, 71 Fed. 560, 18 C. C. A. 242; *Stevens v. St. Louis & S. F. R. Co.*, 47 Fed. [C. C.] 530, 14 L. R. A. 184; *Peeler v. Lathrop*, 48 id. 780, 1 C. C. A. 93; *Waite v. Phœnix Ins. Co.*, 62 id. [C. C.] 769; *Hayward v. Nordberg Mfg. Co.*, 85 id. 4, 29 C. C. A. 438; Moon, Rem. Causes, § 88.)

The court, however, held that even under the original petition the amount in controversy was not sufficient to give federal jurisdiction. It was alleged that the damages sustained were $2249, and judgment for that amount was demanded, and in the petition for removal it was stated that the amount, or value, in controversy, exclusive of costs and interest, exceeded $2000. In actions for unliquidated damages the amount in controversy is ordinarily the amount claimed by plaintiff in good faith. The trial court based its ruling upon the theory that plaintiffs had overestimated their damages, and that it was apparent from the first count of their petition. In that count the damages were placed at $1363, and specific demand was made for that amount. Included in it were the damages for the loss of the use of the shooting-gallery while it was negligently withheld by the company, fixed at $1250, and the balance of the claim, $113, was for expenses incurred in tracing and trying to find the gallery. The court appears to have held that the $1250 item was $300 greater than plaintiffs were entitled to recover under the averments in their petition. In the body of the petition it was alleged that the gallery was received at the depot of the railway company on July 20, 1901; that plaintiffs inquired for it on July 22, and were told by the agent

Railway Co. v. Stone.

of the company that it had not been received.; that they were unable to trace or locate it until about August 12, 1901, when they learned it was at the depot of the railway company. It was alleged that the usable value of the property from July 22 to August 13 was fifty dollars per day. The court proceeded on the theory that plaintiffs had computed damages for twenty-five days at fifty dollars per day, when, at the most, they could recover but for nineteen days, and the difference, $300, reduced the total claim below the jurisdictional amount. Of course, the amount demanded in the prayer for judgment will not control when the record shows that only a part of the amount prayed for in the judgment is legally recoverable.

In cases for the recovery of damages, where the law prescribes no limitation on the extent of the recovery, the determination of the amount of the recovery belongs to the court and jury trying the case. Any dispute of fact in respect to the amount must necessarily be tried by the federal, and not by the state court. In the first instance, the state court is called upon to decide whether the record and petition on their faces show a right of removal, including the fact whether there is the necessary amount in dispute to give jurisdiction ; but where there is a *bona fide* demand by the plaintiff for a recovery in excess of $2000, that ends the inquiry as to the amount in controversy in that court. The question of the amount in controversy is a jurisdictional fact, and, outside of the *prima facie* case mentioned, must be determined in the federal court.

Looking beyond the specific demand of plaintiffs and into the averments of the petition, it is difficult to understand why it was legally impossible for plaintiffs to recover for the use of the gallery for more than

nineteen days at $50 per day, and why the claim of the plaintiffs for the usable value of the gallery while it was negligently withheld was $950 instead of $1250, the amount named by the plaintiffs. It was alleged that the gallery was received on July 20, and from that time until August 13 would be twenty-four days; and from the 22d day of July, when an express demand was made for the property, until August 13, would be twenty-one days, and the use of the gallery, at the rate of $50 per day, would amount to $1050; the latter sum, together with the $113 claimed for expenses, and the $886 in damages claimed in the second count of the petition, amounts to $2049. Apart from these considerations there was a specific demand by plaintiffs for $2249 in damages, and it is not easy to say that there cannot legally be a recovery of that amount, nor that the plaintiffs did not in good faith claim a recovery in excess of $2000.

We think the claim made by plaintiffs in their original petition exceeded the amount necessary to give federal jurisdiction, and therefore the case was removed to the federal court. That being true, the subsequent proceedings in the state court were without authority, and, therefore, the judgment of the district court refusing the removal must be reversed.

All the Justices concurring.