STATE EX REL. MARTHA HALL ET AL., RELATORS, v. FRANK KELLEY, CIRCUIT JUDGE, ET AL., RESPONDENTS.*

In the Springfield Court of Appeals. Opinion filed August 31, 1926.

**1.—Removal of Causes.** If a case is one that is removable from State to Federal court, the filing of the petition for removal, and bond, if good on their face, arrests the jurisdiction of the State court, and anything it does thereafter is **coram non judice.**

**2.—Same.** If petition for removal, filed in State court, shows on its face that the case is not removable, court may ignore it, and the filing of such a petition and bond does not oust the State court of jurisdiction, and court has jurisdiction to pass on such question.

**3.—Same.** Under Federal statute requiring petition for removal of cause to be filed before trial, where default judgment which was final under State

procedure was entered in State court before petition for removal was filed in Federal court, cause was not removable, regardless of Federal court's order for its removal, and after setting aside of default judgment by state court, it was still pending therein, preventing issuance of writ of prohibition to prevent State court's trying cause.

Corpus Juris-Cyc References: Removal of Causes 34 Cyc, p. 1278, n. 97 New; p. 1306, n. 24; p. 1308, n. 31.

Prohibition.

WRIT DENIED.

*Russell & Joslyn* for relators.

(1) Prior to 1887, when a removal from the State court to the Federal court was sought on account of prejudice or local influence, the petition and bond had to be filed in the State court before or at the term at which said cause could be first tried, and before the trial thereof. When this was done, it "thereupon" became "the duty of the State court to accept the surety and proceed no farther in the suit." Act of March 2, 1867, 14 U. S. Stats. 558-559; Lewis on Removal of Causes, pages 522-529. (2) In 1887, the Removal Act was amended so that when a defendant desired to remove a suit from a State court to a Federal court on the ground of prejudice or local influence, he could do so. Section 11, Removal Act of 1887; Lewis on Removal of Causes, page 543; Barnes Federal Code, section 790, page 186. (3) Prior to the amendment of 1887, as soon as a sufficient bond and petition were filed and presented to the State court, its jurisdiction was immediately lost, and any subsequent act by the State court was *coram non judice*. Kanouse v. Martin, 15 Howard, 198; Gordon v. Longest, 16 Peter, 97; Kern v. Huidekoper, 103 U. S. 485, 26 L. Ed. 354; National Steamship Company v. Tugman, 106 U. S. 118, 27 L. Ed. 87; Stone v. South Carolina, 117 U. S. 430, 29 L. Ed. 962; Missouri Pacific Ry. v. Fitzgerald, 160 U. S. 556, 40 L. Ed. 536. (4) The action of the plaintiffs in filing a reply to defendant's answer, and filing a petition for an order on the defendant to produce certain documents in the State court after the order of removal was not a waiver. Herryford v. Ins. Co., 42 Mo. 149; Stanley v. Railroad, 62 Mo. 508. (5) The moment Judge FARIS made the order removing said cause on the 19th day of February, 1926, to the district court of the United States for the Southeastern Division of the Eastern Judicial District of Missouri, it became vested with complete jurisdiction, and the State court was divested of jurisdiction, and anything which the State court attempted to do, after the 19th day of February, 1926, was *coram non judice*. Cases under subdivision 3, supra. (6) The judgment entered by the circuit court of

Mississippi county on the 18th day of February, 1926, was a final judgment. Sec. 1529, R. S. 1919; Reed Brothers v. Nicholson, 158 Mo. 624. (7) Where a judge of a circuit court is about to do an act not justified by the record, and which he has no rightful judicial power to do, the writ of prohibition may be invoked. State ex rel. Aiken v. Buckner, 203 S. W. 242; State ex rel. Bernero v. McQuillan, 246 Mo. 517, 532; State ex rel. Juda v. Fort, 210 Mo. 512; State ex rel. Hotel Co. v. Kimmel, 183 S. W. 651. (8) The plaintiffs could not have appealed from the order setting aside the judgment in their favor, even if the court had had jurisdiction. Holder v. Chidister, 177 Mo. App. 415, 193 S. W. 568; Bressiere's Admr. v. Sayman, 257 Mo. 303. (9) All "orders and other proceedings had in such suit prior to its removal" remained in full force and effect until dissolved or modified by the court to which such suit was removed. Barnes Federal Code 1919, section 798. (10) On the first day of March, 1926, the United States District Court restrained plaintiffs and their attorneys. This order prevented plaintiffs from proceeding in any manner in the State court, even if it had had jurisdiction. The Federal court had, by its order made on the 19th day of February, 1926, already acquired jurisdiction, and in aid thereof could enjoin for the purpose of protecting its jurisdiction. Lewis on Removal of Causes, section 282; McCave v. Guaranty Trust Co., 243 Fed. 845; Traction Co. v. Mining Co., 196 U. S. 239, 49 L. Ed. 462; C. and O. Railway Co. v. Cockrell, 232 U. S. 146, 58 L. Ed. 544; M. K. & T. v. Chappell, 206 Fed. 688; Williston v. Raymond, 213 Fed. 527. (11) The Federal court could not enjoin or stay proceedings in the State court until it acquired jurisdiction. Barnes Federal Code 1919, sec. 1030.

*Charles A. Houts* for respondent.

(1) Under Section 28, U. S. Judicial Code it is too late to file a petition for removal after a judgment by default has been taken. Davis v. Harris, 124 Fed. 713; McCallon v. Waterman, 15 Fed. Cas. 8675. And the action of Judge FARIS in doing so (inadvertently) was *coram non judice.* (2) The defendant had the right to waive and abandon the benefits of the first order of removal and did so expressly and by thereafter submitting to the jurisdiction of the State court. Anderson v. United States Realty Co., 222 U. S. 164; Mays v. Newlin, 143 Fed. 574; Home Insurance Co. v. Curtiss, 32 Mich. 402; Wadleigh v. Standard Life Ins. Co., 76 Wisc. 439, 45 N. W. 109; Texas, etc., R. R. Co. v. Davis, 93 Tex. 378, 54 S. W. 381, 55 S. W. 562; Hudson River R. R. Co. v. Day, 54 Fed. 545. (3) The first order of removal made by Judge FARIS having been made at a time when under the Federal Statutes, no such order of removal

could be made, the State court had a right to proceed and all orders made by it were valid. 3 Foster's Fed. Practice (6 Ed.), p. 3047, and cases there cited.

COX, P. J.—The relator seeks to prohibit Hon. FRANK KELLY, Judge of the circuit court of Mississippi county from entertaining jurisdiction to proceed to try a case of relator against the Chicago National Life Insurance Company. The contention of relator is, that a final judgment has already been rendered in the case hence the circuit court does not have jurisdiction to retry it.

The history of the proceedings in this case are as follows: Suit was filed by relator in the circuit court of Mississippi county returnable to the February term, 1926, against respondent, Insurance Company. Summons was issued and served and the case was triable at that term of court. The court convened on February 8, 1926, and in that county the defendant was required to plead on the first day of the term. The defendant did not plead on the 8th day of February, the first day of the term, but on the 10th day of February, the 3rd day of the term, filed a petition and bond for removal of the case to the Federal court. On the 11th day of February this petition and bond were conceded to be in due form of law but the petition was denied because filed out of time. Defendant was then given until February 17th to plead. This was not done and on February 18th the plaintiff took judgment by default. On February 19th the defendant filed a petition and bond for removal in the Federal court, and an order of removal was made by that court on that day and a transcript thereof filed in the State court on February 20th. Defendant discovered that a default judgment had been entered against it on the 18th, which was one day prior to the date that the order of removal was made by the Federal court, and then filed in the State court a motion to set aside the default judgment and filed affidavits in support thereof. This motion was sustained and defendant given until February 26th to plead. On February 25th the defendant filed an answer and plaintiff filed reply thereto. The case was set for trial on March 2, 1926. On February 27th the defendant served notice upon counsel for plaintiff that another petition for removal of the case to the Federal court had been filed in the Federal court and it had been set for hearing on March 4th. Counsel for plaintiff filed a motion in the Federal court to remand the cause to the State court, and this motion was sustained. The judge of the State court was about to proceed to try the case when this writ of prohibition was applied for and a temporary writ issued. The February term of the State court had adjourned before the order remanding the cause was made by the Federal court.

The position of relator is that the default judgment in his favor rendered February 18, 1926, is a final judgment and that the action of the trial court in setting this judgment aside on February 23, 1926, was void because there was in force at that time an order of the Federal court issued on February 19, 1926, by which the cause was removed to the Federal court and the State court had no jurisdiction to make any order in the case. We do not deem it necessary to enter upon a lengthy discussion of the Federal Statute and the decisions of the United States Supreme Court relative to the removal of causes from a State court to the Federal court. The procedure and the passing of jurisdiction from a State to a Federal court, as far as we deem it applicable to the facts of this case, may be noted as follows:

(In Roberts v. Chicago, St. P., M. & O. Ry. Co., 51 N. W. 478, 479, it is said by the Supreme Court of Minnesota: "If the petitioner complies with the requirements of the statute, and states facts which, if true, show in connection with the record of the case that he is entitled to a removal, the jurisdiction of the State court is thereby arrested, even though that court should refuse to recognize the right of removal." To support that statement of the law the following cases are cited: Railway Co. v. Dunn, 122 U. S. 5137, Supreme Court Reports 1262; Stone v. State, 117 U. S. 430, 6 Sup. Ct. Rep. 799; Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. Rep. 62; Steamship Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. Rep. 58. It follows that if the case is one that is removable the filing of the petition and bond if good on their face arrests the jurisdiction of the State court and what that court does, if anything, thereafter is *coram non judice.* It is not necessary for the state court to make an order of removal. It merely ceases to act further in the case. If, however, the case is not in fact removable and a petition for removal filed in the State court shows on its face that it is not removable, the State court may ignore it and the filing of such a petition and bond does not oust the State court of jurisdiction and the State court has jurisdiction to pass on that question. [Stone v. South Carolina, 117 U. S. 430, 29 L. Ed. 962.] In this case there can be no question but the order of removal made by the Federal court on February 19, 1926, was void for the reason that the case was clearly not removable at that time. The Federal Statute requires the petition for removal to be filed before trial and the Federal courts hold that a default is a trial within the terms of the statute. If the petition is not filed before the trial of the case in the State court the case is not removable. In this case a default judgment, which, under our procedure was, in this case, a final judgment, was entered in the State court, February 18th, one day before the petition for removal was filed in the Federal court. It is clear that had the petition filed in the Federal court

disclosed that fact the Federal court would, not have issued an order of removal. The fact which would show that the case was not removable, to-wit, the default judgment in the State court, was apparent on the record of that court and we see no reason why the State court could not take cognizance of its own record and determine from it that the case was not removable and hence that the order of removal of the Federal court, evidently made without knowledge of the fact that a default judgment had already been entered of record in the State court, was void. It is not a question of the State court overruling or going contrary to the action or judgment of the Federal court, but is merely the State court acting on information furnished by the record of the case which was not before the Federal court, and which did not require the exercise of judgment or discretion to determine its effect. If it did require the exercise of judgment the State court could not override the judgment of the Federal court, but when it is apparent from the record of the State court that the case is not removable the State court can ignore the void order of removal made by the Federal court and may proceed in the case as if no order of removal had been made by that court. To our minds the power in a State court to pass upon the question of the sufficiency of a petition to state facts to show that a case is removable would logically carry with it the power to inspect its own record and when it is apparent from a mere inspection of that record that the cause is not then removable because forbidden by the plain terms of the Statute, that court would not lose jurisdiction by a party filing therein a petition for removal and bond that were regular on their face. The State court, having jurisdiction to pass on the sufficiency of the petition must necessarily have the power to inspect its own record and determine from it whether the petition had been filed in time and if, as in this cause, it is apparent from the record of the court that the case is not removable because the petition was not filed before trial, the State court could disregard the petition, although sufficient on its face, and proceed with the cause. On the same principle the State court could ignore an order of removal made by the Federal court when an inspection of its own record shows that the case was not removable when the order of removal was issued by the Federal court for it would then be apparent that the order of removal of the Federal court was made without any knowledge of the fact that a trial of the case had already been had in the State court, and the order of removal was for that reason void. We think the reasoning of the United States Supreme Court in Stone v. South Carolina, supra, supports this view and we hold that the order of removal made by the Federal court on February 19, 1926, was void and did not take away from the State court the power and jurisdiction to set aside a default judgment during the term at which it was entered. We think the order of the court setting aside the default judgment

made on February 23, 1926, and during the same term at which it was entered, was within its jurisdiction and the cause is now pending for trial in that court.

There is another view of this case from which the same result must be reached. If we accept relators position as correct and hold that the State court was ousted of all jurisdiction by the order of removal made by the Federal court on February 19, 1926, because the State court could not pass upon the validity of that order, then we would also be compelled to hold that the State court could not pass on the question as to whether the first petition filed February 8th, was filed in time. That petition and bond were in due form and if the rule that the mere filing of a petition ousts the jurisdiction of the State court and places it in the Federal court applied in this case then the jurisdiction of the State court was arrested on February 8th when the first petition for removal was filed and relator would be compelled to go to the Federal court and get the case remanded to the State court before the State court could take any other steps. If jurisdiction was lodged absolutely in the Federal court by the filing of the petition, then only the Federal court could pass on the question as to whether the petition was filed in time. If that were true then the State circuit court did not have jurisdiction to enter judgment by default and the judgment it did enter on February 18th, and which is made the basis of this proceeding, is void and the case is still pending in that court for trial.

The petition for permanent writ of prohibition should be denied and it is so ordered. *Bradley,* and *Bailey, JJ.,* concur.