George W. Kenney, of Springfield, Ill., for plaintiffs.

Doyle, Sampson & Giffin, of Springfield, Ill., for defendant.

**BOHNERT et al. v. BEN HUR LIFE ASS'N.**

No. 2078.

District Court, S. D. Illinois, S. D.

Jan. 17, 1935.

MAJOR, District Judge.

This cause was removed to this court from the circuit court of Sangamon county, Ill., and the question now presented is on the motion of plaintiff to amend the bill in certain particulars and to remand the cause to the state court. Various reasons are assigned in support of the motion to remand, the most important of which is the jurisdictional question that the controversy does not involve, exclusive of interest and costs, the sum of $3,000. As the court has reached a conclusion on this question, it is not necessary to pass upon the other grounds assigned in said motion.

In determining the amount involved, it is necessary, of course, to consider the facts before the court so far as they pertain to this question. The bill was filed in the state court by Mary Bohnert on behalf of herself and all other persons in like or similar circumstances, and provided that such other persons might become coplaintiffs by

setting up their respective rights and interests and by adopting plaintiff's bill. Ben Hur Life Association, a corporation, is the only defendant named, but from the allegations in the bill, it seems that other parties may be made defendants when certain requested information is obtained.

The bill is a lengthy one and deals in considerable technical phraseology concerning the rights and obligations of fraternal benefit societies and it is a matter of some difficulty to determine just what the facts are as they bear upon the jurisdictional question.

It seems from the bill that Loyal American Life Association, a fraternal beneficiary society, organized under the laws of the state of Illinois, with some 6,000 members, was merged with the defendant, Ben Hur Life Association, a similar society organized under the laws of the state of Indiana, with some 50,000 members. Plaintiff was a member of the former society and it is alleged in the bill that the merger contract was unlawfully consummated and that defendant forced upon plaintiff and other members of Loyal American Life Insurance Company certificates different to what they originally held and that certain liens have been imposed upon said certificates, with resultant damages. The bill is silent as to the amount of damages claimed by plaintiff or others individually, but does contain the general allegation in referring to damages sustained by plaintiff and others, "aggregating, to-wit, Two Million Five Hundred Thousand Dollars."

In the written brief and argument submitted by counsel for defendant, it is said: "We submit that a reading of the bill here involved shows that it is a suit for $2,500,000.00 and no less, the bill seeks to hold the corporate defendant and such other defendants as may be subsequently brought in for damages in that sum, and shows that the amount claimed is impressed with a trust in favor of the various plaintiffs, present and subsequent, as their interest may appear. Moreover, there is not a single line in the bill to indicate that any plaintiff is claiming less than $3,000.00."

Counsel for plaintiff in his argument denies that under the allegations of the bill the amount claimed is impressed with the trust, but makes the contention that the trust referred to is one imposed by statute, and could not be used to liquidate any judgment, which might be obtained herein.

After the filing of the bill and before the cause was removed from the state court, Manuel Roderick and Minnie Wells intervened and became parties coplaintiff. The bill itself contained no statement as to the residence of the original plaintiff, and neither was the residence of the interveners stated. However, the petition for removal alleges that they are all residents of Illinois, while the defendant corporation is a resident of Indiana, and there is now no question raised as to diversity of citizenship.

Plaintiff now seeks to amend the complaint by striking from the bill the words "aggregating, to-wit, Two Million, Five Hundred Thousand Dollars" wherever that language may appear, and, in support of its motion to remand, presents the affidavit of the solicitor for plaintiffs in which it is expressly averred that the matter in controversy is less than $3,000; that the most which is claimed or could be recovered by the plaintiff Bohnert is the sum of $1,407.10, the plaintiff Roderick the sum of $222.19, and the plaintiff Wells $136.32; that each claim, demand, and matter in controversy is individual in its character; and that there is no joint or united right, title, or interest among the plaintiffs or any two or more of them.

No authority is cited and I am unable to find any directly in point by which the court can permit the amendment sought. Certainly the court should not permit a plaintiff to amend his cause of action merely for the purpose of depriving the court of jurisdiction which it might otherwise have. While I do not regard the proposed amendment as going to this extent, yet I doubt its propriety and leave to amend is denied.

The authorities are not entirely in harmony as to the procedure on a motion such as is now before the court. It seems certain, however, that the plaintiff is entitled to take issue with the allegations of the petition for removal. In different cases this issue has been raised in different ways.

In Jones v. Casey-Hedges Co. (D. C.) 213 F. 43, it is said on page 47: "The affirmative jurisdictional averments in the petition for removal may also, it seems, be sufficiently put in issue by a motion to remand, if such motion either expressly denies the averments of the petition for removal, or is based upon a ground which, in effect, traverses or negatives such averments, or is supported by an affidavit which

constitutes a denial of such averments. [Citing cases.]"

In Wilson v. Republic Iron & Steel Co. et al., 257 U. S. 92, on page 97, 42 S. Ct. 35, 37, 66 L. Ed. 144, it is said: "If a removal is effected, the plaintiff may, by a motion to remand, plea, or answer, take issue with the statements in the petition. If he does, the issue so arising must be heard and determined by the District Court [citing cases], and at the hearing the petitioning defendant must take and carry the burden of proof, he being the actor in the removal proceeding [citing case]."

In Stone v. South Carolina, 117 U. S. 430, on page 432, 6 S. Ct. 799, 800, 29 L. Ed. 962, it is said: "All issues of fact made upon the petition for removal must be tried in the Circuit Court [now District Court], but the state court is at liberty to determine for itself whether, on the face of the record, a removal has been effected."

■ From the authorities quoted, there seems to be no question but what the procedure followed by plaintiff, in submitting an affidavit in support of its motion to remand, is proper and the matters submitted in said affidavit, so far as they take issue with the allegations of defendant's petition for removal, are properly before the court. The court therefore, so far as the jurisdictional amount is concerned, is confronted with a bill of complaint which, while it expressly avers the claims of the plaintiffs are separate and distinct, also avers the aggregate amount of said claims to be $2,500,000, the allegations of the petition for removal which expressly avers that the amount in controversy, exclusive of interest and costs, exceeds the sum of $3,000, and plaintiff's affidavit in support of its motion to remand, denying said allegation and setting forth the maximum amount which each of the plaintiffs before the court could recover, as being less than $3,000, and less than that amount even if the total of their claims be considered.

■ It seems to the court that the amount in controversy, as that term is used in the removal statute, is less than $3,000. Even if the allegation that the claims aggregate $2,500,000 be not surplusage, yet it must be concluded, in my opinion, that the claims presented by the present plaintiffs or others who may become plaintiffs are entirely separate and distinct. Each claim is based upon a different benefit certificate which constitutes the contract between such claimant and the defendant. There is no joint right of action existing and each of these plaintiffs could, if otherwise entitled to relief, maintain a separate and independent suit. The authorities relied upon by defendant are distinguishable from the facts here, in that, in those cases, the claims were joint, requiring joint action, and, in such cases, the jurisdictional amount was the aggregate of such claims. However, where the claims are not joint, but are separate and distinct, it is the amount of each claim and not the aggregate which determines.

In Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77, on page 85, 43 S. Ct. 480, 483, 67 L. Ed. 871, it was said: "The amount of the corporation's assets, either within or without the state, is of no legal significance in this connection. Nor is the amount of its debts to others. The case is not of that class where the amount in controversy is measured by the value of the property involved in the litigation. [Citing cases.] Nor is it like those cases in which several plaintiffs, having a common undivided interest, unite to enforce a single title or right, and in which it is enough that their interests collectively equal the jurisdictional amount. [Citing case.] In the case at bar, if several creditors of the company, each with a debt less than $3,000, had joined as plaintiffs, the demands could not have been aggregated in order to confer jurisdiction. [Citing cases.] Nor can Karatz's allegation that he sued on behalf of others similarly situated help him. [Citing cases.] Since the bill in this case discloses that the amount in controversy was less than the jurisdictional amount, the general allegation that it exceeds this amount is, therefore, of no avail. [Citing case.]"

In Eberhard et al. v. Northwestern Mutual Life Insurance Co. (C. C. A.) 241 F. 353, we find a case where not only the facts relating to the question of the jurisdictional amount are quite similar to those in the instant case, but the opinion of the court answers adversely much of the argument advanced here by counsel for the defendant. In that case, with reference to the facts, the court said on page 354 of 241 F.: "The bill and amended bill, filed in behalf of complainants and of all others similarly situated, charge that the fund, amounting to millions, was held in trust by the company for all holders of similar policies, and that, in various ways alleged, the fund had been diverted by the company and its officers to purposes inconsistent with

the tontine policyholders' rights." As to the law, it was said on page 355 of 241 F.:

"The fact, if it be a fact, that this fund is a trust fund held by the insurance company for the benefit of these policyholders, and that each has an interest in it, is not the test of right to make a jurisdictional case by aggregation of claims.

"It cannot be doubted that such rights as each policyholder has depend upon his contract with the insurance company and are measured by its terms. * * * His interest does not depend upon, and is not related to, the interest of any other policyholder similarly situated. * * * The rights of policyholders are not derived from the same, or a common, title. The right each has in the fund is based upon the separate, distinct contract each has with the company with respect thereto."

On page 356 of 241 F. it is further said: "The policyholders' claims to the fund are several, and not joint, and the amount payable to each depends upon his contract alone. Under these circumstances the separate claims cannot be aggregated, for the purpose of making a case within the jurisdiction."

In the case just referred to, as in the case now before the court, it was insisted on behalf of the defendant that it was a class action and for that reason the various claims must be aggregated in determining the amount involved, but the court held adversely to this contention.

In Robbins et al. v. Western Automobile Insurance Co., 4 F.(2d) 249 (7th C. C. A.) a number of policyholders joined as plaintiffs on behalf of themselves and all others similarly situated, in an action to recover on claims arising out of policies which had been canceled. Individually, the claims were less than the jurisdictional amount, but the aggregate amount was alleged to be $350,000. The court on page 250 of 4 F.(2d) said: "In other words, defendant contends that the court should, in ascertaining the amount in controversy, look to the pleadings, and particularly the relief sought, to ascertain the character of the suit. Thus enlightened, it contends that the instant suit is one seeking the distribution of a fund of $350,000, the transfer of which the court is at first asked to enjoin, and later to distribute equitably among those who helped create it." The court followed the rule announced in Lion Bonding Co. v. Karatz, supra, and Eberhard v. North-

western Mutual Life Insurance Co., supra, holding the jurisdictional amount was not involved, contrary to defendant's contention, and directed the District Court to remand the suit to the state court wherein it was instituted.

From the law as announced in the cases referred to and others which might be cited, I am convinced that the question now before me on the motion to remand must be decided adversely to the contention of the defendant. Whatever claims the present or future plaintiffs may have are separate and distinct and there can be no aggregation of the amounts claimed in order to constitute the necessary amount by which this court acquires jurisdiction.

The motion of the plaintiff to remand the cause to the circuit court of Sangamon county, Ill., is therefor allowed and an order may be submitted accordingly.