## MORGAN v. KROGER GROCERY & BAKING CO.
### No. 11078.

Circuit Court of Appeals, Eighth Circuit.
April 22, 1938.

Gus O. Nations, of St. Louis, Mo. (J. M. Feigenbaum, of St. Louis, Mo., on the brief), for appellant.

Lyon Anderson, of St. Louis, Mo. (Wayne Ely and Leahy, Walther, Hecker & Ely, all of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order which restrained and enjoined appellant, plaintiff below, her attorneys and agents, from prosecuting any further proceedings or taking any steps in this cause in the circuit court of the city of St. Louis, Mo., where the action was first begun, and from which court there was an attempted removal. We shall refer to the parties as they appeared in the lower court.

The action was brought by plaintiff against the city of St. Louis and the above-named Kroger Grocery & Baking Company, for damages on account of personal injuries alleged to have been caused by her fall on the icy sidewalk in front of the Kroger store. It was alleged that her injury was caused by the negligent failure of both of the defendants to keep the sidewalk clear of ice.

The defendant Kroger Grocery & Baking Company filed a petition to remove the action to the United States District Court upon the ground that "the controversy herein is a separable one, wholly between citizens of different states; that the plaintiff, Mary E. Morgan, at the time of the commencement of this suit, ever since has

been and still is a citizen and resident of the State of Missouri, residing in the City of St. Louis in said State, and that your petitioner, Kroger Grocery & Baking Company, was at the time of the commencement of this suit, ever since has been and still is a corporation existing under and by virtue of the laws of the State of Ohio, and is a citizen and resident of said State of Ohio, and not a resident of Missouri." The state court, on presentation of the petition and bond for removal, declined to sign an order of removal, being of the view that no separable controversy was disclosed by the record. The Kroger Company then filed in the lower court a transcript of the record of the state court, including the order of the state court denying removal. It then filed its application for an injunction to restrain and enjoin plaintiff from prosecuting her action in the state court.

Plaintiff challenged the jurisdiction of the lower court on the ground that the cause had not been removed and was not removable because the record showed that no separable controversy existed. The court held that the cause had been duly removed from the state court; that it therefore had jurisdiction; and it accordingly entered the injunctional order from which this appeal is prosecuted.

Appellee contends that this court has no jurisdiction to entertain the appeal because the order attempted to be appealed from is not an appealable order. The procedure is somewhat unusual, in that the question of the removability of a cause is generally presented by motion to remand, the ruling on which is reviewable upon appeal from the final judgment. The order appealed from, however, is an injunctional order, appeal from which is apparently authorized by section 129 of the Judicial Code, as amended, Title 28, section 227, U. S.C.A., which allows appeals where "an injunction is granted, continued, modified, refused, or dissolved by an interlocutory order or decree." It is said that the appeal will not lie because the order was not issued in an equity suit. Formerly, this section 129, 28 U.S.C.A. § 227 note employed the following language: "That where, upon a hearing in equity in a district court [or in a circuit court], or by a judge thereof in vacation, an injunction shall be granted [or] continued * * * by an interlocutory order or decree * * * an appeal may be taken from such interlocutory order or decree," etc.

The section, however, was amended, and there was eliminated from the above-quoted language the words "in equity," so that it now reads as follows: "Where, upon a hearing in a district court, or by a judge thereof in vacation, an injunction is granted, continued, modified, refused, or dissolved by an interlocutory order or decree, * * * an appeal may be taken from such interlocutory order or decree to the circuit court of appeals."

There would seem to be no doubt that under section 129 the order was appealable. Shanferoke, etc., Corporation v. Westchester Corporation, 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583; Cray, McFawn & Co. v. Hegarty, Conroy & Co., 2 Cir., 85 F.2d 516, 517. The last-cited case is very similar in facts to the instant case. It was there contended that the order appealed from was not appealable. Overruling this contention, the court said: "But an appeal is specially provided from an interlocutory order granting an injunction. 28 U.S.C. § 227, 28 U.S.C.A. § 227. Accordingly it would seem inevitable that upon an appeal from such an order as the one before us, grounded as it was on a decision of the court that the cause had been properly removed, we have a right to consider the basis of that order."

We conclude that the order was appealable and that the cause is properly before this court.

The remaining question is whether the lower court had jurisdiction to grant the injunction. Ordinarily, the filing of a proper petition and bond for removal deprives the state court of jurisdiction and confers jurisdiction upon the federal court. Kingston v. American Car & Foundry Co., 8 Cir., 55 F.2d 132; Janoske v. Porter, 7 Cir., 64 F.2d 958. The fact that the state court declined to sign the order of removal, or the fact that it signed an order denying the petition for removal, would not affect the jurisdiction of the federal court if, in fact, the cause were removable. However, the state court is not bound to surrender jurisdiction unless the petition for removal shows that the cause is a removable one. Stone v. South Carolina, 117 U.S. 430, 6 S.Ct. 799, 29 L.Ed. 962; Carson v. Hyatt, 118 U.S. 279, 6 S.Ct. 1050, 30 L.Ed. 167; Madisonville Traction Co. v. Mining Co., 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed.

462; Chesapeake & O. Ry. Co. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544; Illinois C. R. Co. v. Sheegog, 215 U.S. 308, 30 S.Ct. 101, 54 L.Ed. 208; Gulf Refining Co. v. Morgan, 4 Cir., 61 F.2d 80; Moulton v. National Farmers' Bank, D.C., 27 F. 2d 403. If a prima facie case for removal is not shown by the record, the state court may refuse to remove. Where the petition for removal presents only a question of law, the state court may act upon it, but if it presents any question of fact, that must be determined by the federal court upon motion to remand. Farmers' Bank & Trust Co. v. Atchison, T. & S. F. Ry. Co., 8 Cir., 25 F.2d 23; Boyle v. Chicago, R. I. & P. Ry. Co., 8 Cir., 42 F.2d 633.

 Whether or not a separable controversy exists must be determined from the pleadings in the case, in the absence of any claim or showing of fraudulent joinder. Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 44 S.Ct. 266, 68 L. Ed. 628, 31 A.L.R. 867. The original petition in this case charged the defendants jointly with negligence in failing to remove snow and ice from the sidewalk and to keep it clear for her use; that by reason of this negligence she was injured. In an action founded on tort, plaintiff may sue one or all the joint tort-feasors, and when so sued there is ordinarily no separable controversy so as to give the federal court jurisdiction. Hay v. May Co., 271 U.S. 318, 46 S.Ct. 498, 499, 70 L.Ed. 965; Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147. In the first cited case, in an opinion by Mr. Justice Sanford, it is said: "It is well settled by the decisions of this court, that an action brought in a State court against two defendants jointly, in which the plaintiff states a case of joint liability arising out of the concurrent negligence of the defendants, does not present a separable controversy authorizing the removal of the cause to a Federal court, even though the plaintiff might have sued the defendants separately; the allegations of the complaint being decisive as to the nature of the controversy in the absence of a showing that one of the defendants was fraudulently joined for the purpose of preventing the removal."

 An inspection of plaintiff's petition discloses that no separable controversy existed, and as there was no showing of fraudulent joinder, the only question presented by the petition for removal was one of law which the state court had a right to pass upon. The cause not being a removable one, the lower court acquired no jurisdiction of it by the proceedings taken.

The order appealed from is reversed, and the cause remanded to the lower court, with directions to remand it to the state court.