FILED
United States Court of Appeals
Tenth Circuit

February 3, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LINDA A. DOUGHERTY,

  Plaintiff-Appellant,

v.

UNIVERSITY OF OKLAHOMA
BOARD OF REGENTS, State of
Oklahoma ex rel., a constitutional
state agency,

  Defendant-Appellee.

No. 09-6068

(D.C. No. 5:05-CV-01341-F)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **BALDOCK,** and **HOLMES**, Circuit Judges.[**]

Plaintiff Linda A. Dougherty appeals from the district court's denial of her

motion to enforce a settlement agreement against Defendant University of Oklahoma

Board of Regents. Because we conclude the district court lacked subject matter

jurisdiction, we remand this case to the district court with instructions to remand to

the state court.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is, therefore, submitted without oral argument.

I.

The parties are familiar with the facts of this case, and we do not recite them at length here. In 2005, Plaintiff sued Defendant in Oklahoma state court, alleging breach of contract. Defendant removed the action to federal district court, alleging subject matter jurisdiction on the basis of diversity of citizenship. 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Alabama, and both parties appear to have assumed Defendant, a "Constitutional body of the State of Oklahoma," was considered a citizen of Oklahoma. Defendant also alleged an amount in controversy exceeding $75,000.[1]

After the complaint and answer were filed in federal district court, the parties reached a settlement agreement.[2] In a short order, the district court administratively closed the case but retained jurisdiction for the purpose of enforcing the settlement agreement. Plaintiff became dissatisfied with Defendant's actions pursuant to the settlement agreement and filed a motion to enforce the settlement agreement in 2008. The district court concluded the agreement was unambiguous and that Defendant had complied with it. The court, therefore, denied her motion to enforce. Plaintiff appealed. We subsequently issued an order to show cause why we should not

[1] Because we conclude diversity of citizenship does not exist in this case, we do not reach the question whether the amount in controversy requirement is satisfied.

[2] In her amended complaint before the federal district court, Plaintiff alleged negligent supervision, training and retention claims in addition to her breach of contract claim against Defendant.

2

remand to the district court with instructions to remand to the state court for lack of subject matter jurisdiction. In simultaneous briefings, both parties concede we lack subject matter jurisdiction.[3]

## II.

In every case, we must "satisfy ourselves not only of our own jurisdiction, 'but also that of the lower courts in the cause under review.'" Estate of Harshman v. Jackson Hole Mountain Resort Corp., 379 F.3d 1161, 1164 (10th Cir. 2004) (quoting Mitchell v. Maurer, 293 U.S. 237, 244 (1934)). Thus, "'[w]e have jurisdiction to determine our jurisdiction.'" Hamilton v. Gonzales, 485 F.3d 564, 565 (10th Cir. 2007) (quoting Schroek v. Gonzales, 429 F.3d 947, 950 (10th Cir. 2005)).

The only defendant in this case is the University of Oklahoma Board of Regents. The Board of Regents, like the University of Oklahoma itself, is an arm of the state of Oklahoma. Cornforth v. Univ. of Okla. Bd. of Regents, 263 F.3d 1129, 1131 n.1 (10th Cir. 2001); Hensel v. Office of Chief Admin. Hearing Officer, 38 F.3d 505, 508 (10th Cir. 1994); see also Okla. Const. Art. XIII-A, XIII-B (2006); Okla. Stat. tit. 70, §§ 3301–3305 (2005). "A state, or the arm or alter ego of a state,

---

[3] Defendant notes: "[I]t would seem that an incorrect presumption was shared by all–counsel for the University, counsel for Dougherty, the District Court, and even this honorable Court, at least for some period of time–that the University's status constituted that of a 'citizen' for purposes of diversity jurisdiction." Counsel's candid admission of his mistake is well-warranted, but his implication that this court has made the same mistake is not. It cannot be said that the court which ordered the parties to explain why the district court had jurisdiction allowed "the issue of subject matter jurisdiction . . . to slip through the cracks."

however, does not constitute a 'citizen' for diversity purposes." <u>State Ins. Fund v. Ace Transp. Inc.</u>, 195 F.3d 561, 563 (10th Cir. 1999); <u>see</u> <u>also</u> <u>Stone v. South Carolina</u>, 117 U.S. 430, 433 (1886) ("There is no statute which authorizes the removal of a suit between a state and citizens on the ground of citizenship, for a state cannot, in the nature of things, be a citizen of any state."); <u>Okla. ex rel. Williams v. Okla. Natural Gas Corp.</u>, 83 F.2d 986, 988 (10th Cir. 1936) ("[A] state is not a citizen for the purpose of constituting the requisite diversity."). Because Defendant cannot be considered a citizen for diversity purposes, the district court lacked subject matter jurisdiction. Accordingly, we remand this action to the district court with instructions to remand to the state court.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

4