## 18975. RELIANCE LIFE INSURANCE COMPANY *v.* CAPITAL NATIONAL BANK.

DECIDED JULY 10, 1928,

*Howell, Heyman & Bolding,* for plaintiff in error.

*Dorsey, Shelton & Dorsey, Ralph H. Farr,* contra.

LUKE, J. Capital National Bank brought suit in the superior court of Fulton county, upon an insurance policy issued upon the life of one Davis, now deceased. Under the terms of the policy the beneficiary was to be paid in 120 equal monthly installments of $1000 each. The suit was to recover the first two installments. The beneficiary is a resident of the State of Georgia, and the insurance company is not a resident of this State. Upon the ground of diverse citizenship the insurance company, by proper petition in the superior court, sets up the diverse citizenship of the parties, and alleges that, "while the present action is to recover only the first two installments, aggregating only $2000, the actual matter in dispute is the right to recover $120,000, in 120 equal monthly installments of $1000 each." The insurance company further contends, in its petition to remove the case, that if the plaintiff can recover the first two installments it could, by virtue of the recovery in the present action, recover each and every one of the future or subsequent installments, as the judgment in the present action would be res adjudicata as to all suits brought on subsequent installments; and that for these reasons the value of the rights involved, exclusive of interest and costs, exceeds the sum of $3000. The judge of the superior court denied the petition to remove the cause, upon the ground that the case was not by law removable, and retained the case in Fulton superior court for trial.

The court did not err in denying the motion to remove the case. It is the amount sued for in the petition which controls, and not the amount which may be subsequently sued for under the terms of the contract. Upon the petition to remove, the court can only consider the suit as filed, in order to determine whether the amount for which a judgment is prayed exceeds, exclusive of interest and costs, the sum of $3000. See, in this connection, Wright *v.* Mutual Life Ins. Co., 19 Fed. (2d), 117; Mutual Life Ins. Co. *v.* Wright, advance opinions of the Supreme Court of U. S., April 16, 1928. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*