**MOON v. PACIFIC MUT. LIFE INS. CO.**

District Court, S. D. West Virginia.
July 6, 1939.

Peyton, Winters & Hereford, of Huntington, W. Va., for plaintiff.

W. Elliott Nefflen and Harry B. Lambert, both of Charleston, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

Plaintiff sued in a state court to recover death benefits under two insurance policies issued by the defendant upon the life of her husband. Thereupon defendant filed its petition in the state court for removal, to which petition the plaintiff demurred. Within a few days prior to the expiration of the time for removal, the state court not having decided the question, defendant filed a transcript of the record in this court. Plaintiff has now moved to remand. Diversity of citizenship is admitted. The petition, duly verified, is not traversed. The sole question here presented is whether or not the allegations of the petition for removal are sufficient to establish jurisdictional amount within the purview of the statute. Jud.Code, § 24(1), 28 U.S.C.A. § 41(1), wherein jurisdiction of this court is defined.

Defendant issued a policy of insurance on the life of C. C. Moon for $7,000, and also as a part thereof issued an accidental total loss benefit policy for $7,000, in both of which policies the plaintiff was named beneficiary. Payment was to be made at the rate of $50 per month under each policy until the full amount, with interest, was paid. Upon death of beneficiary the balance due thereunder was to be paid to the personal representatives or assigns of the deceased beneficiary in a lump sum. The policies required the maintenance of a reserve for the payment of the amount due thereunder.

In this action plaintiff seeks only to recover the sum of $1,100, that being the aggregate amount of the monthly payments due from the time of the death of the assured until the institution of this suit. Under these circumstances the petition alleges that the actual amount in controversy in this suit is $14,000, with interest, the full value of both policies, instead of the sum of $1,100, the installments sued for.

This same question has been raised many times before. In Wright v. Mutual Life Ins. Co., 5 Cir., 19 F.2d 117, the insurance company became liable on a life insurance policy which provided a monthly income of $30 upon proof of death of insured, and double indemnity or monthly income of $60 upon proof that the death occurred by accidental means; the income was payable to continue 20 years in all events. The appellant sued in the state court for $420 upon 7 monthly installments then due on the theory that the death of the insured was accidental. The insurance company filed a petition for removal, which was denied. Certiorari was denied by the Supreme Court of the United States for the reason "that the amount involved is not sufficient to sustain Federal jurisdiction, on the authority" of numerous cases there cited. Mutual Life Ins. Co. v. Wright, 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726.

In Reliance Life Ins. Co. v. Capital National Bank, 38 Ga.App. 349, 143 S.E. 924, suit was brought to collect the first two installments on the life policy payable to beneficiary in 120 equal monthly installments of $1,000 each. The court held that the case was not removable to the federal court because the amount in controversy was less than $3,000.

In the case of Mutual Benefit Health & Accident Association v. Fortenberry, 5 Cir., 98 F.2d 570, 571, an effort was made to rescind and cancel a policy which would entitle the insured to $12,000 if his expectancy should be realized. The law required the company to set up a reserve in excess of $3,000. Because the action was

to rescind and cancel the entire policy, the action was held to be removable. In its opinion the court stated: "It must be conceded that if plaintiff had brought suit in a state court to collect instalments amounting to less than $3,000 it would not have been removable."

Stephenson v. Equitable Life Assur. Soc. of the United States, 4 Cir., 92 F.2d 406, was a suit to collect $50 per month under disability provisions of an insurance policy, and for a declaratory judgment for the sums to become due under a $5,000 policy. The court held that the federal court had jurisdiction, but Judge Parker in his opinion distinguishes a case for declaratory judgments from a suit solely to collect installments due on an insurance contract.

The case of Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L. Ed. 617, 108 A.L.R. 1000, cited by the plaintiff, is not in point for the reason that it is an action by an insurance company for declaratory judgments declaring four policies null and void for non-payment of premiums.

The case of Brotherhood of Locomotive Firemen & Enginemen v. Pinkston, 293 U. S. 96, 55 S.Ct. 1, 79 L.Ed. 219, cited by defendant, was a suit by the beneficiary for an accounting and a complete liquidation of a pension fund, not a suit to collect pension installments due.

The case of Struble v. Conn. Mutual Life Ins. Co., D.C.Fla., 20 F.Supp. 779, is contra to the above decisions. There the court concludes that in a case similar to the one at bar the amount in controversy is sufficient to give the federal court jurisdiction. As authority for this opinion the court cites, among other cases, Mutual Life Ins. Co. v. Thompson, D.C.Va., 27 F.2d 753, which was a suit in equity by an insurance company for cancellation of two life and accident insurance policies on grounds of false statements where it is conceded that the entire amounts of the policies were involved.

New York Life Ins. Co. v. Jensen, D.C. Neb., 38 F.2d 524, also cited in the opinion, was a suit in equity to cancel an insurance policy involving the entire policy. The Struble case does not seem to be in accord with the great weight of authority.

Defendant would distinguish this case from the cases cited above by reason of a West Virginia statute, Sec. 30, Art. 6, Ch. 56, Code of West Virginia 1931, which provides, in part, as follows: "In an action on an annuity bond, or a bond * * * payable by installments, where there are further payments of the annuity, or further installments to become due after the commencement of the action, or in any other action for a penalty for the nonperformance of any condition, covenant or agreement, the plaintiff may assign as many breaches as he thinks fit. * * * The jury impaneled in any such action shall ascertain the damages sustained, or the sum due by reason of the breaches assigned, including interest thereon to the date of the verdict, and judgment shall be entered for what is so ascertained; Provided, That if the action be on such annuity bond, or a bond * * * payable by installments, such judgment shall also be for such further sums as may afterward be assessed or be found due upon a scire facias assigning a further breach. * * *".

██ The test of removability is whether or not the action could have been originally brought in the federal court. As shown by the authorities cited, this action, being for only $1100, could not have been originally instituted in this court, and, in my opinion, the West Virginia statute does not give this court original jurisdiction of such a suit.

██ The Federal Rules of Civil Procedure, Rule 1, 28 U.S.C.A. following section 723c, govern procedure in the district courts of the United States in all actions of a civil nature. The West Virginia statute, prescribing what the plaintiff may assign in his complaint, the procedure of the jury, the nature of the judgment, and the manner of enforcing such a judgment by scire facias, does not control the procedure in this court. Furthermore, no case has been cited, and I have been unable to find any case wherein this statute, which has been in effect for more than 50 years, has ever been applied in any suit upon an insurance contract as distinguished from a bond with a collateral condition. The statute is discussed in the case of Supervisors of Jackson County v. Leonard, 16 W.Va. 470, 493, in which case the court gives the history of the statute and indicates that it was intended to relieve against the harsh provisions of the common law in actions on penal bonds with collateral conditions.

It is therefore ordered that the motion to remand be, and the same is, hereby sustained.