**Alfred E. MAURER, Pasquale Cinacio, Stephen Nagurny, Edward Bell, John Gallagher, Myer Portney, Eugene Graham**

v.

**INTERNATIONAL TYPOGRAPHICAL UNION, Philadelphia Typographical Union No. 2, Sinclair L. Muir, James H. Kelley.**

Civ. A. No. 20279.

United States District Court
E. D. Pennsylvania.
April 11, 1956.

McBride, vonMoschzisker & Bradley, Philadelphia, Pa., for plaintiffs.

H. P. Abramson, Maurice Abrams, Philadelphia, Pa., for defendants.

LORD, District Judge.

This matter comes before the Court on plaintiffs' Motion to Remand.

Plaintiffs are all members of Typographical Union No. 2 (hereinafter referred to as "Union No. 2"), one of the defendants herein. Union No. 2 is chartered by and is an affiliate of International Typographical Union (hereinafter referred to as "I. T. U.") which is also a defendant. Sinclair L. Muir and James H. Kelley, the other defendants, are President and Secretary-Treasurer, respectively, of Union No. 2.

I.T.U. and Union No. 2 are both unincorporated associations. I.T.U. has its principal office in Indianapolis, Indiana, while Union No. 2 has its principal office in Philadelphia, Pennsylvania. The two named officers of Union No. 2 are citizens and residents of Pennsylvania. All of the named plaintiffs are citizens and residents of Pennsylvania except Maurer who is a citizen and resident of New Jersey.

Plaintiffs sought an injunction in the state court against both unions alleging certain dues and assessments were being demanded of them in violation of the constitution and by-laws of I.T.U. and Union No. 2. The plaintiffs were successful in their suit and an injunction issued prohibiting defendants from pressing such demands respecting dues and assessments and further from interfering in any manner with plaintiffs' membership in Union No. 2 and such rights and privileges as were incident thereto.

Subsequently, I.T.U. removed the case from the state court. Following this removal, I.T.U. filed a special appearance and a motion to quash service as to it and to dismiss the complaint. The plaintiffs then filed the motion under consideration to remand to the state court.

There are several issues raised by the Motion to Remand. However, the first and foremost issue to be considered is "does this case come within the purview of 28 U.S.C.A. § 1441(c)"? Determination of this issue in favor of plaintiffs causes all other issues to become moot and makes it unnecessary to consider them.

As stated previously, the validity of the principle of removability hinges upon the theory embraced in 28 U.S.C.A. § 1441(c). This section lays down the rule that only where there exists "a separate and independent claim or cause of action" can a federal court acquire jurisdiction by removal procedures. The section under consideration reads thusly:

"§ 1441. Actions removable generally

\* \* \* \* \* \*

" (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

■ This section clearly allows the removal of a separate cause of action but *not* a separable controversy unless the controversy constitutes a separate and independent claim or cause of action within the original jurisdiction of the United States District Courts.

In American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, at page 9, 71 S. Ct. 534, at page 538, 95 L.Ed. 702, the Supreme Court construed 28 U.S.C.A. § 1441(c), stating inter alia:

"One purpose of Congress in adopting the 'separate and independent claim or cause of action' test for removability by § 1441(c) of the 1948 revision in lieu of the provision for removal of 28 U.S.C. (1946 ed.) § 71, was by simplification to avoid the difficulties experienced in determining the meaning of that provision. (See footnote 1 of Finn case, supra.) Another and important purpose was to limit removal from state courts. (See footnote 2 of Finn case, supra.)

\* \* \* \* \* \*

"A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. \* \* \*" See also Mayflower Industries v. Thor Corporation, 3 Cir., 1950, 184 F.2d 537.

Predicated upon this authority, even if plaintiffs have a "separable controversy" with I.T.U., it would not be justification for removal. Under the Statute and the Finn case, supra, there must be a "separate and independent claim or cause of action" existing to warrant removal.

■ Upon what premises does I.T. U. seek to show that a separate and independent claim has been laid against it? The validity of I.T.U.'s assertion must be found in the complaint. The complaint is the controlling factor in determining such allegations. Ryan v. Tollefson, D.C. E.D.N.Y.1954, 118 F.Supp. 420.

■ An examination of the gravamen of the complaint reveals that because of the illegal conduct of I.T.U. and Union No. 2, an improper demand has been made against the plaintiffs for dues and assessments. Further, and as a consequence of these demands, plaintiffs' rights as members are being jeopardized. Under these allegations, have the plaintiffs stated a separate and independent claim or cause of action against I.T.U., independent of and distinct from that

asserted against Union No. 2? I think not.

In Snow v. Powell, 10 Cir., 1951, 189 F.2d 172, 173, an acceptable definition of this somewhat nebulous concept of "separate and independent claim or cause of action" was stated, at page 174:

"The word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for support; self-sustaining; not contingent or conditioned."

 The plaintiffs in the state court were seeking redress for a single wrong alleged to have been committed by both defendants. The wrong alleged is predicated upon an Executive Order from I.T.U. to Union No. 2 to assess plaintiffs and if plaintiffs refused to pay the assessment, Union No. 2 was to expell them. The fact that the wrong for which redress is sought is carried forth by two autonomous entities does not create two separate and independent claims or causes of action. Plaintiffs, by their injunction, are seeking refuge against one wrong being committed by two distinct entities, two entities so intertwined with common interests and interwoven with authority that they function as one. Based upon the law announced in the Finn case, supra, and applying it to the facts here, I cannot perceive that the I.T.U. has a separate and independent claim or cause of action being asserted against it. However, even if it were not clear as to whether or not there was a separate and independent claim, I would be compelled to remand. Old Reading Brewery v. Lebanon Valley Brewing Co., D.C.E.D.Pa.1952, 102 F.Supp. 434; John Hancock Mut. Life Ins. Co. v. United Office & Professional Workers of America, D.C.N.J.1950, 93 F.Supp. 296. The federal courts should guard with jealousy their doors when litigants seek to open them through removal procedures.

In view of this determination, it is not necessary for me to consider I.T.U.'s Motion to Quash Return of Service of Process and to Dismiss.

The Motion to Remand is granted.