Burton LAUGHTERS and Virginia M. Laughters, Plaintiffs,

v.

AMF PINSPOTTERS, INC., C. R. Willocks and J. Perry Miller, Defendants.

Civ. A. No. 1654.

United States District Court E. D. Tennessee, Northeastern Division.

March 12, 1963.

**110**

S. G. Gilbreath, Jr., Kingsport, Tenn., for plaintiffs.

Charles E. McNabb, Knoxville, Tenn., for defendants.

NEESE, District Judge.

This is a removal action. 28 U.S.C. § 1441. The plaintiffs have moved the Court for a remand on the ground that the action was improvidently removed and that this court lacks jurisdiction. 28 U.S.C. § 1447(c).

The action the plaintiffs instituted in the state court seeks protection of rights they claim under a lease with the defendant Miller of a building and its equipment. AMF Pinspotters, Inc. and its agent Willocks were joined as defendants on the plaintiffs' allegations that these additional defendants threaten to interfere with the plaintiffs' rights under the leasehold agreement with the defendant Miller. Both the plaintiffs, the defendant Miller, and the defendant Willocks are all citizens and residents of Tennessee, while the defendant AMF Pinspotters, Inc., is a Delaware corporation with its principal office in New York.

There being diversity of citizenship between the plaintiffs and the defendant AMF Pinspotters, Inc., but none as between the plaintiffs and the defendants Miller and Willocks, even assuming *arguendo* the jurisdictional amount is present, this court does not have original jurisdiction of the action as to the plaintiffs and all the defendants. 28 U.S.C. § 1331(a). The jurisdiction of this court must rest, if at all, on 28 U.S.C. § 1441 (c).

The latter subsection provides that whenever a separate and independent claim or cause of action, which would be removable if sued on alone, is joined with one or more otherwise non-removable claims or causes of actions, the entire case may be removed and the district court may determine all issues therein, or, in its discretion may remand all matters not otherwise within its original jurisdiction. 28 U.S.C. § 1441(c). Removal under this subsection is authorized only if there is a separate and independent cause of action as to some separate wrong on the part of each defendant. American Fire & Casualty Co.

v. Finn (1950), 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. In other words, the test is whether there is a single wrongful invasion by multiple defendants of the plaintiffs' single primary right. Baltimore S. S. Co. v. Phillips (1927), 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069, cited in American Fire & Casualty Co. v. Finn, supra, 341 U.S. 6, 71 S.Ct. at page 539, 95 L.Ed. at page 708.

■ From the allegations in the pleadings, the Court finds that the plaintiffs seek relief for only one threatened wrong, *viz.*, interference with their rights under their leasehold contract with the defendant Miller. While this encompasses an interlocked series of transactions between the defendant AMF Pinspotters, Inc., and its original lessee Anderson, as well as between the plaintiffs and the defendant Miller, there is nothing here alleged beyond a single wrongful invasion by multiple defendants of these plaintiffs' single primary leasehold right.

The state court of removal has already issued an injunction against all the defendants to prohibit the removal of certain equipment within the leased premises, and this Court, exercising the discretion conferred on it by 28 U.S.C. § 1441(c), deems it advisable to remand the entire action to the state court. Finn, supra, suggests the wisdom of this. There, the entire action removed from a state court, was remanded by the Supreme Court of the United States to the state court, rather than to the intervening federal district and appellate courts, with this observation:

"The single wrong for which relief is sought is the failure to pay compensation for the loss of the property" and that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441 (c)." American Fire & Casualty Co. v. Finn, supra, 341 U.S. at page 14, 71 S.Ct. at page 540, 95 L.Ed. at pages 708–709.

Determination of the foregoing question pretermits the need to consider any others presented. Maurer v. International Typographical Union, D.C.Pa. (1956), 139 F.Supp. 337.

Counsel for the defendants within ten (10) days and under the local rules will submit a proposed order of remand of the entire action.