**Nasser KHALILI, Plaintiff,**

v.

**PAN AMERICAN PETROLEUM CORPORATION, Defendant.**

No. A–111–69.

United States District Court
D. Alaska.

Nov. 6, 1969.

James K. Tallman, Anchorage, Alaska, for plaintiff.

Theodore M. Pease, Jr., Anchorage, Alaska, for defendant.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

Plaintiff has objected to defendant's request for admission, which reads as follows:

"That the damages being sought by plaintiff exclusive of interest and costs exceeds $10,000.00."

The basis of the objection is that the "fact" which defendant seeks to have admitted is "one of the ultimate issues to be tried * * * by the jury, that is, the amount of damages to be awarded."

The cause originally was filed in the Superior Court of the State of Alaska, and was removed to this court upon de-

fendant's petition, federal jurisdiction being predicated upon diversity of citizenship. The complaint, as filed in the Superior Court, alleges damages "in excess of $3,000.00", the jurisdictional minimum of that court.

Obviously, the litigants are forum shopping. The State of Alaska, A.S. 09.20.100, authorizes return of a verdict in civil causes upon the concurrence of five-sixths of the jurors. A unanimous verdict is required in Federal court. Thus, plaintiff desires the advantage of the State court, and defendant the Federal.

█ Here, however, plaintiff has misconstrued his objection. He is not asked to admit the amount of damages to be awarded by the jury, a purely speculative opinion, but the amount he is seeking. The distinction is clear, and goes to the critical issue of this court's jurisdiction. If the amount of plaintiff's claim is less than $10,000.00, exclusive of interest and costs, this court lacks jurisdiction of the cause, and it must be remanded to the State court.

█ While there is authority that a "disputed" fact is not the proper subject for such a request, the better rule is that it may be. See 2A Barron & Holtzoff, Federal Practice and Procedure § 832 (Supp.1968). Moore states flatly that the mere fact that a requested admission concerns a "controverted" fact does not make it improper. 4 Moore, Federal Practice § 36.04 at 2736 (1969). Where the admission of a central fact in dispute is requested, the request is frequently held improper. *Id.* at 2737. These are, however, facts central to the merits of the cause of action itself, such as requests to admit that defendant caused an accident, that a party did not provide or insure a particular automobile, that a decedent was within the scope of his employment when he died, or that a partnership existed. *Id.* at 2737 n. 55.

█ Since this court's jurisdiction is a vital issue which must be determined

at this stage of the proceeding, plaintiff's objection will be overruled. *See* McGonigle v. Baxter, 27 F.R.D. 504 (E. D.Pa.1961).

Therefore, it is ordered:

1. That plaintiff's objection to defendant's request for admission is overruled.

2. That plaintiff reply to said request within ten days of the date of this memorandum and order.