**WEST VIRGINIA STATE BAR et al., Plaintiffs,**

v.

**Everett BOSTIC and Harry Alan Sherman, Defendants.**

**Civ. A. No. 2951.**

United States District Court, S. D. West Virginia, Huntington Division.

June 14, 1972.

Beckett, Burford & James, Huntington, W. Va., for plaintiffs.

E. L. Moseley, Huntington, W. Va., for defendants.

## MEMORANDUM ORDER

CHRISTIE, Chief Judge.

This action was brought originally in the Circuit Court of Cabell County, West

Virginia, by the West Virginia State Bar (State Bar) against Everett Bostic (Bostic) and Harry Alan Sherman (Sherman) for the alleged unlawful solicitation of legal business. The complaint charges that Bostic, a layman, and a resident of Cabell County, West Virginia, solicited legal business for Sherman, a practicing attorney in Pittsburgh, Pennsylvania. Injunctive relief is sought against Bostic for solicitation and against Sherman for using one for solicitation purposes in West Virginia. No monetary damages are sought.

Bostic was served and an agreed order was issued by the state court restraining him from further solicitation. Subsequently, Sherman was served while in West Virginia. He now seeks to have the action removed from the state court to the federal court, pursuant to 28 U.S. C. §§ 1441 and 1446. State Bar has moved for a remand to the state court.

### I—Removal

■■ The right to remove a case is a purely statutory right and, as such, should be strictly construed by the courts. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L. Ed. 1214 (1941). Furthermore, the case to be removed must be one which could have been brought in the federal courts originally. Moon v. Pacific Mutual Life Insurance Co., 28 F.Supp. 199 (D.C.W. Va.1939); Robertson Motor Freight, Inc. v. Brady Motorfrate, Inc., 287 F. Supp. 449 (D.C.Pa.1968). Sherman urges the court to assume jurisdiction of this litigation primarily upon the basis of diversity of citizenship under 28 U.S. C. § 1332. In addition, the issues of federal question under 28 U.S.C. § 1331 and protection of civil rights under 28 U.S.C. § 1443 are raised.

### II—Diversity

■■ Diversity must be complete to remove to a federal court. Treinies v. Sunshine Mining Co., 308 U.S. 66, at 71, 60 S.Ct. 44, 84 L.Ed. 85 (1939); Cunningham v. State Farm Mutual Automo-

bile Ins. Co., 297 F.Supp. 1138 (E.D. Tenn.1969). The existence of diversity of citizenship in this case, even when viewed most favorably for Sherman, is questionable, for it is clear that when the action was instituted in the state court complete diversity was lacking because of Bostic's residence in West Virginia. Sherman would get around this by arguing that the state court injunction "terminated" the action as to Bostic, thus creating complete diversity of citizenship as between himself and the plaintiff. His argument is misplaced, however, because the state court action was not terminated as to Bostic by the issuance of the injunction against him, since it of necessity had to retain jurisdiction over him to insure compliance with the injunction decree. Thus Bostic is still very much a party to the action, and this being so, complete diversity of parties is lacking, notwithstanding Sherman's argument to the contrary.

■ Sherman also argues that State Bar's claim against him is separate and independent of that asserted against Bostic and that the entire case, for this reason, should be removed to the federal court pursuant to 28 U.S.C. § 1441(c). However, it is apparent that State Bar has merely joined two defendants together to remedy a single wrong, i. e., the unlawful solicitation of legal business in West Virginia. Therefore, Sherman's position that there is a separate and independent cause of action which is removable to a federal court, at best, is an uncertain proposition and, in such instances, the federal court should remand the case to the state court. Maurer v. International Typographical Union, 139 F. Supp. 337 (D.C.Pa.1956).

But, notwithstanding the foregoing, the removal must fail for two other reasons: (a) for lack of requisite amount in controversy, and (b) because an action in which a State is a party is not removable. These will be discussed in the order enumerated.

*Lack of Requisite Amount in Controversy.* As previously noted, State Bar

asserted no monetary damages and unless this requisite can be supplied by resort to Sherman's counterclaim, the claim under the diversity statute must fail for lack of requisite amount in controversy under 28 U.S.C. § 1332, to-wit, $10,000 exclusive of interest and cost.

■■ The amount in controversy ordinarily must be determined from the complaint. Saint Paul Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, at 291, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Bonnell v. Seaboard Air Line R. Co., 202 F.Supp. 53 (D.C.Fla.1962). Further, federal jurisdiction should not be based upon state procedural law, and thus, though there is some conflict, we believe the better view dictates that the counterclaim not be considered even should it be compulsory under state law. Burton Lines, Inc. v. Mansky, 265 F.Supp. 489 (M.D.N.C.1967); Continental Carriers, Inc. v. Goodpasture, 169 F.Supp. 602 (M.D.Ga.1959); Moore's Federal Practice, 2d Ed., Vol. 1A, Sec. 0.-167(8).

*Action Not Removable in Which State a Party.* As will be hereinafter noted (infra p. 6), the West Virginia State Bar is an agency of the Supreme Court of Appeals of West Virginia. That court is undoubtedly an arm of the State of West Virginia. The United States Supreme Court has long since held, in Stone v. South Carolina, 117 U.S. 430, 6 S.Ct. 799, 29 L.Ed. 962 (1886), that,

> "There is no statute which authorizes the removal of a suit between a state and citizens on the ground of citizenship, for a state cannot, in the nature of things, be a citizen of any state."

See also South Carolina State P. A. v. Seaboard Air Line R. Co., 124 F.Supp. 533, at 536–537 (E.D.S.C.1954), where this principle was applied.

### III—Federal Question

■ Sherman's contention that the action presents a federal rather than a state question is likewise untenable. The practice of law is not a right or privilege granted by the Constitution and laws of the United States. Mitchell v. Greenough, 100 F.2d 184 (9th Cir. 1938), rehearing den. 100 F.2d 1006, cert. den. 306 U.S. 659, 59 S.Ct. 788, 83 L.Ed. 1056, but it is rather a privilege, the supervision and regulation of which "naturally and logically belongs to the judicial department of the state government." 7 Am.Jur.2nd (Attorneys at Law), Sec. 2. In West Virginia the privilege is granted, regulated, and supervised by the West Virginia State Bar, an agency of the West Virginia Supreme Court of Appeals. 1 West Virginia Code, (Appendix) p. 403. The privilege is similarly granted, regulated and supervised in other states. See for example Sperry v. Florida ex rel. Florida Bar, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963); Railroad Trainmen v. Virginia Bar, 377 U.S. 1, 84 S.Ct. 1113, 12 L.Ed.2d 89 (1964); Mine Workers v. Illinois Bar, 389 U.S. 217, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967).

Thus, federal jurisdiction in this matter may not be invoked on the theory that it raises substantial federal question.

### IV—Civil Rights

■ Having found insufficient grounds to remove the case on the basis of either federal question or diversity of citizenship, the remaining issue is whether it should be removed for the protection of civil rights. Sherman, in his counterclaim, asserts that the basis for plaintiffs' claim, W.Va.Code 30–2–16, is unconstitutional on its face for vagueness and, in any event, cannot be applied to him since he is not a member of the West Virginia Bar or a resident of West Virginia. He further alleges that the action is in furtherance of a conspiracy to deprive him of his civil rights and equal protection, contrary to the Constitution and the Civil Rights Acts of the United States, 42 U.S.C. §§ 1981, 1983, and 1985. However, the Supreme Court has determined that removal for the protection of civil rights (28 U.S.C. § 1443(1)) applies only to laws

providing for specific civil rights stated in terms of *racial equality* and not to the whole gamut of constitutional rights. Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). Furthermore, Section 1443(1) permits removal only where it can be clearly shown that by reason of a pervasive and explicit law, federal rights will be denied by the very act of bringing the defendant to trial in the state court. Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

 There are no racial overtones in this case and no indication that Sherman's constitutional and federal rights and claims will not be protected or enforced within the state court. Section 1443(2) is likewise uncontrolling here as it applies only to federal officers acting under laws providing for equal civil rights and to state officers refusing to act on the ground that it would be inconsistent with such laws. Greenwood v. Peacock, supra; Baines v. Danville, 357 F.2d 756 (4th Cir. 1966). Thus we find no basis for assuming jurisdiction of this case for the protection of Sherman's civil rights.