CONTINENTAL RESOURCES AND
MINERAL CORPORATION, a
corporation, et al., Plaintiffs,

v.

The CONTINENTAL INSURANCE COM-
PANY, a corporation, et al., Defendants
and Third-Party Plaintiffs,

v.

NORFOLK AND WESTERN RAILWAY
COMPANY, a corporation,
Third-Party Defendant.

Civ. A. No. 82–3026.

United States District Court,
S. D. West Virginia,
Huntington Division.

Sept. 13, 1982.

Edward M. Kowal, Jr. and Howard R. Crews, Jr., Huntington, W. Va., for plaintiffs.

Norman K. Fenstermaker, Huntington, W. Va., for defendants and third-party plaintiffs.

Fred Adkins, Huntington, W. Va., for third-party defendant.

## MEMORANDUM OPINION AND ORDER TO REMAND

STAKER, District Judge.

Presently before the court is the motion to remand filed herein by the plaintiffs. This action was originally instituted in the Circuit Court of Mingo County against the defendant insurance companies to recover monies allegedly due under the terms of insurance contracts providing the plaintiffs with "business interruption" coverage. The plaintiffs are various business enterprises, each of whom had some legal interest in a coal tipple situate in Mingo County. The coal tipple was allegedly damaged as a result of being struck by railroad cars owned and operated by the third-party defendant Norfolk and Western Railway Co., (hereafter N&W). Damages to the coal tipple interrupted and partially suspended coal shipments by the plaintiffs for a period of three months. It is this interruption of business which gives rise to the plaintiffs' claims against their insurers, the defendants herein.

Following denial of the plaintiffs' claims by the defendants and the plaintiffs' initiation of suit thereon, the defendants answered asserting various defenses and filed a

third-party complaint against N&W. This third-party action asserts that the damage to the coal tipple was caused by the negligence of N&W and seeks indemnification from N&W should the defendants be held liable on their policies of business interruption insurance.

Thereupon, third-party defendant N&W removed the case to this court, asserting as basis for removal 28 U.S.C. § 1441(c). It is conceded that, as between the original plaintiffs and defendants there is no basis for federal jurisdiction, there being no complete diversity of parties nor federal questions involved therein. However, N&W asserts that, as between the defendants (third-party plaintiffs) and itself, complete diversity exists, and it is conceded by the parties that such is true. N&W further asserts that inasmuch as the third-party action involves matters separate and independent from the original cause of action, § 1441(c) affords a proper basis for removal.

Title 28 U.S.C. § 1441 provides:

Actions removable generally

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is pending.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Implicit in the position taken by N&W regarding the propriety of removal in this case are the following propositions:

1. A *third-party* defendant, as N&W is in this case, is a "defendant" within the meaning of § 1441, generally.

2. Section 1441(c) is not, by its terms, limited to those claims joined by the plaintiff, but also includes a claim joined by a defendant (third-party plaintiff) against a third-party defendant, as here.

3. The third-party claim in this case, being one asserted by insurers seeking indemnification from an alleged tort-feasor is "separate and independent" from the original breach of contract claim so as to make removal proper under § 1441(c).

█ This court need not pass upon the validity of the often troublesome "separate and independent claim" argument referred to in the third proposition above, for it is with each of the first two propositions that the court disagrees and accordingly concludes that removal is not available to N&W in this case. It would be well to note at this point that the motion for remand filed by the plaintiffs herein seeks only to have this court remand the original cause of action to state court while retaining jurisdiction over the third-party claim. However, because it is the opinion of this court that jurisdiction is lacking *ab initio,* there is no alternative but to remand the entire action to the Circuit Court of Mingo County as being improvidently removed.

Considerations of statutory construction and the policy of declining to exercise jurisdiction in doubtful cases require this court to hold that 28 U.S.C. § 1441(c) does not afford a third-party defendant a basis for removal. The court is mindful that there presently exists a clear split of authority among the courts concerning the right of a third-party defendant to remove. See 1A *Moore's Federal Practice* 2d Ed. § 0.167[10]; 14 Wright, Miller and Cooper *Federal Prac-*

tice and Procedure: Jurisdiction § 3724; and see cases annotated at 8 ALR Fed. 708. Recognizing that there is a dearth of authority in the Fourth Circuit on this point, this court has examined that split existing in the reported cases from other jurisdictions and believes that the decisions which have not permitted removal by a third-party defendant are more persuasive and well-reasoned.

It is a well-settled rule of law that the removal statutes are to be strictly construed against permitting removal. *West Virginia State Bar v. Bostic*, 351 F.Supp. 1118 (S.D.W.Va.1972); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); *Folts v. City of Richmond*, 480 F.Supp. 621 (E.D.Va.1979). Accordingly, numerous courts have held that 28 U.S.C. § 1441(c) is applicable only to those claims which are joined by the plaintiff and that this statute was not intended to permit a third-party defendant to confer federal jurisdiction by joining a claim which is ancillary to the main cause of action as defendants seek to do here. *Folts v. City of Richmond, supra*. Stated differently, § 1441(c) was intended to allow an original defendant to remove an entire case to federal court when federal jurisdiction exists as to a particular claim, even though the plaintiff has joined with that claim another, non-removable cause of action against the "removing defendant" or a co-defendant. *Luebbe v. Presbyterian Hospital*, 526 F.Supp. 1162 (S.D.N.Y.1981); *Chase v. North American Systems, Inc.*, 523 F.Supp. 378 (W.D.Pa.1981); *Southland Corp. v. Estridge*, 456 F.Supp. 1296 (C.D. Cal.1978); *Midstate Homes Inc. v. Swain*, 331 F.Supp. 337 (D.Okl.1971); *Knight v. Hellenic Lines Inc.*, 543 F.Supp. 915 (E.D.N. Y.1982).

Conversely, some courts have held that § 1441(c) is not limited to removal of claims joined by the plaintiff. These decisions argue that the third-party complaint establishes a separate and independent federal cause of action within the meaning of that section. *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980); *Bond v. Doig*, 433 F.Supp. 243 (D.N.J.1977); *Ted Lokey Real Estate Co. v. Gentry*, 336 F.Supp. 741 (N.D.Tex.

1972); *Wayrynen Funeral Home Inc. v. J. G. Link & Co.*, 279 F.Supp. 803 (D.Mont. 1968).

28 U.S.C. § 1441(a) generally defines removal jurisdiction and limits that jurisdiction to actions "removed by the defendant or the defendants." 28 U.S.C. § 1441(c) is silent on the issue of who may effect removal under the terms of that section. This court is not able to say that § 1441(c), by its silence, extends the right to remove to third-party defendants and thereby implicitly broadens the parameters of removal jurisdiction beyond the express limits found in 28 U.S.C. § 1441(a). Any such construction would clearly be violative of the policy of strictly construing removal statutes.

Accordingly, this court now holds that N&W, as third-party defendant herein, had no statutory authorization allowing it to remove this case to federal court and therefore, this court is without subject-matter jurisdiction. For the reasons set forth herein, it is hereby ORDERED that this case be REMANDED, in its entirety, to the Circuit Court of Mingo County for further proceedings. The clerk shall forward the file in this case to the Clerk of the Circuit Court of Mingo County.