**Donnie S. MORRIS, Committee for Mona Katherine Morris, who sues on behalf of Mona Katherine Morris, a mental incompetent, Plaintiff,**

v.

**MARSHALL COUNTY BOARD OF EDUCATION, et al., Defendant and Third-Party Plaintiffs,**

v.

**The BALTIMORE AND OHIO RAILROAD COMPANY, Third-Party Defendant.**

Civ. A. No. 82–0060–W(H).

United States District Court, N.D. West Virginia, Wheeling Division.

April 13, 1983.

Melvin W. Kahle, Jr., Wheeling, W.Va., for plaintiff.

Frederick P. Stamp, Jr., Wheeling, W.Va., Richard A. Hayhurst, Davis, Davis, Hall & Clovis, Parkersburg, W.Va., for defendant and third-party plaintiffs.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

### I.  *Facts*

This action[1] arises from an automobile accident which occurred on September 14, 1967, in Marshall County, West Virginia. The Plaintiff brought this action in the Circuit Court of Marshall County on behalf of his ward, Mona Katherine Morris, who was injured in the accident. The complaint named the Marshall County Board of Education (Board of Education) and its employee, Charles Howard Bonar, as Defendants. The complaint alleged that Bonar negligently drove a truck into the automobile in which Plaintiff's ward was a passenger, causing her to suffer permanent injuries. On June 2, 1982, the Board of Education filed a Third-Party complaint against The Baltimore and Ohio Railway Company (B & O) alleging that the September 14, 1967 accident was caused by "a cloud of smoke" emanating from B & O's nearby railroad tracks where B & O workers were clear-burning a right-of-way. The Board of Education asserted that this smoke drifted over the highway on which Bonar was traveling and that the reduced visibility caused by the smoke proximately resulted in Bonar's vehicle striking the automobile in which Mona Katherine Morris was a passenger. The injection of B & O into the case created the diversity of citizenship necessary for federal jurisdiction.[2] Asserting federal diversity jurisdiction, B & O removed the action to this Court on June 29, 1982, pursuant to 28 U.S.C. § 1441(c). This action is presently before the Court on Plaintiff's motion to remand.

### II.  *Opinion*

The Plaintiff's legal argument is easily stated. The Plaintiff contends that B & O, being a Third-Party Defendant, had no statutory authorization to remove this action from state to federal court. The Court agrees. "It is a well-settled rule of law that the removal statutes are to be strictly construed against permitting removal." *Continental Resources and Mining*

---

1.  Pursuant to 28 U.S.C. § 1405, this Court has deemed it advisable, so as to prevent any further delay in this already protracted litigation, to retain this case on its docket following the realignment of the federal judicial districts in this State. *See* P.L. 97–471 (97th Congress).

2.  28 U.S.C. § 1332; the Plaintiff and the Board of Education are both citizens of Marshall County, West Virginia; B & O is a Maryland corporation.

*Corporation v. Continental Insurance Co.,* 546 F.Supp. 850, 852 (S.D.W.Va.1982); *see also Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 107, 61 S.Ct. 868, 871, 85 L.Ed. 1214 (1941); *West Virginia State Bar v. Bostic,* 351 F.Supp. 1118, 1120 (S.D.W.Va.1972). Mindful of this principle of statutory construction, and of the split of authority among the federal courts which have addressed this issue,[3] the Court is of the opinion that the better reasoned cases hold that under 28 U.S.C. § 1441(c) a Third-Party Defendant is not entitled to invoke removal jurisdiction; Section 1441 contemplates removal only by the original Defendant. *See Continental Resources and Mining Corporation,* 546 F.Supp. at 852 (collecting cases) and *Garnas v. American Farm Equipment Co.,* 502 F.Supp. 349 (D.N.D.1980)[4] (collecting cases). Therefore, the Court concludes that B & O was not entitled to remove this action from state court and that the removal of this action to this Court by B & O was improper.

In an argument unrelated to the question of whether Section 1441(c) entitles a Third-Party Defendant to remove an action to federal court, B & O asserts that the Plaintiff at bar cannot now contest the propriety of the removal of this action to federal court because the Plaintiff failed to timely respond to B & O's request for admissions which accompanied B & O's petition for removal. In its request for admis-

sion, B & O asked the Plaintiff and the Board of Education to admit that removal to federal court was proper. B & O contends that because Plaintiff did not respond within the thirty-day period provided by *Rule* 36(a), the Plaintiff has admitted that jurisdiction in this Court is proper and is now estopped from contesting removal.[5] In support of this argument B & O claims that the scope of *Rule* 36(a) is broad enough to encompass requests for admissions concerning jurisdictional facts. *See Oroco Marine, Inc. v. National Marine Service, Inc.,* 71 F.R.D. 220 (E.D.Tex.1976); *Khalili v. Pan Am Petroleum Corp.,* 49 F.R.D. 22 (D.Alaska 1964); *McConigle v. Baxter,* 27 F.R.D. 504 (E.D.Pa.1961).

B & O's argument is inapposite here. The cases cited by B & O involve admissions concerning jurisdictional *facts. See, e.g., McConigle,* 27 F.R.D. at 504 (admission concerning plaintiff's citizenship); *Khalili,* 49 F.R.D. at 22 (admission concerning the actual amount in controversy). In this case, however, the jurisdictional question does not revolve on facts, but upon the *law.* Specifically, the decisional law on whether a Third-Party Defendant can remove an action to federal court. The Court having determined that Section 1441 precludes a Third-Party Defendant from removing an action from state to federal court, it is obvious that any admissions by the Plaintiff as to jurisdictional facts or the propriety of

**3.** Compare cases cited in the text with *Motor Vehicle Casualty Co. v. Russian River County Sanitation District,* 538 F.Supp. 488 (N.D.Cal. 1981); *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury,* 622 F.2d 133 (5th Cir.1980); *Southland Corporation v. Estridge,* 456 F.Supp. 1296 (C.D.Cal.1978); *Bond v. Doig,* 433 F.Supp. 243 (D.N.J.1977); *Ted Lokey Real Estate Co. v. Gentry,* 336 F.Supp. 741 (N.D.Tex.1972).

**4.** In *Garnas* the court noted that the seminal decision on this issue was *Sequoyah Feed & Supply Co., Inc. v. Robinson,* 101 F.Supp. 680 (W.D.Ark.1951) wherein the court disallowed removal by a Third-Party defendant saying, at 682:

"[The court has] no desire to deprive any defendant of its right to remove, but is simply of the opinion that the Congress has not created such a right in this instance. The Congress could have done so, but had it so

intended, it certainly would have used language more clearly evidencing such an intent. And, in the absence of such language, the court feels compelled to adhere to the accepted doctrine of declining jurisdiction in doubtful cases."

The court in *Garnas,* therefore, refused to change by judicial fiat what Congress had declined to change in the twenty-nine years since it had notice of the *Sequoyah* court's restrictive interpretation of Section 1441. 502 F.Supp. at 352.

**5.** *Rule* 36(a) provides, in part, that the "matter [contained in the request for admission] is admitted unless, within thirty days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection ...."

removal are totally irrelevant.[6] Stated another way, parties cannot by stipulation or admission confer jurisdiction upon a court. *See Washington Local No. 104 v. International Brotherhood of Boilermakers,* 621 F.2d 1032 (9th Cir.1980). Consequently, the Plaintiff's failure to timely respond to B & O's request for admissions has no place in this Court's analysis of whether removal jurisdiction is proper in this action.

### III. ORDER

For the reasons discussed above, the Court concludes that this action was improvidently removed to this Court and, therefore, grants the Plaintiff's motion to remand. It is hereby ORDERED that this case be remanded to the Circuit Court of Marshall County, West Virginia. It is further ORDERED that this case be dismissed from the docket of this Court.

---

**6.** *Ruductio ad absurdum,* B & O's argument would permit *any* action to be removed to federal court if (1) the party seeking to remove the action accompanied his petition for removal with a *Rule* 36(a) request for admission asking the opposing party to admit that the removal was proper, and; (2) where the opposing party fails to respond to the request in a timely fashion (or where the opposing party agrees that removal jurisdiction is proper). Such a result is, of course, unacceptable.