**Diana Suzette FERRELL, Plaintiff,**

v.

**HECK'S, INC., Defendant.**

**Civ. A. No. 84–2153.**

United States District Court,
S.D. West Virginia,
Charleston Division.

March 13, 1985.

James M. Cagle, Charles R. Garten, Charleston, W.V., for plaintiff.

Fred F. Holroyd, Holroyd & Hamrick, Charleston, W.V., for defendant.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

▮ This action was originally filed in the Circuit Court of Kanawha County, alleging breach of contract and violations of the West Virginia Human Rights Act, *W. Va. Code*, § 5–11–1, *et seq.* The Defend-

---

ant filed a timely petition and removed the case to this Court pursuant to 28 U.S.C. § 1446(a). The basis for removal cited by Defendant was that Plaintiff's action was brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* *See* Petition for Removal at ¶ 2. This action is now before the Court on Plaintiff's motion to remand and for judgment against the Defendant on the entire amount of the removal bond posted by Defendant ($500). *See* 28 U.S.C. § 1447(c).

In support of her motion to remand Plaintiff asserts that the removal petition is erroneous on its face in that it cites a cause of action (Title VII) not alleged in the complaint. Plaintiff also points out that she has not sought, or received, a right to sue letter from the Equal Employment Opportunity Commission. The Plaintiff's position is well taken. Plaintiff has alleged only state law-based causes of action: breach of contract and violations of *W.Va. Code,* § 5–11–1, *et seq.* The fact that Plaintiff *could have* pursued her sex discrimination claim via Title VII is irrelevant. The Plaintiff is the architect of her own lawsuit and "is entitled to allege only non-federal claims, even though [she] could have relied also on federal law." *See Freeman v. Colonial Liquors, Inc.,* 502 F.Supp. 367, 369 (D.Md.1980). Further, it is apparent that Plaintiff has not complied with the filing requirements of Title VII which are *jurisdictional prerequisites* for a suit under that statute. *See* 42 U.S.C. §§ 2000e–5(e); (f)(1); *Mickel v. South Carolina State Employment Service,* 377 F.2d 239 (4th Cir.1967) *cert. denied* 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967). Therefore, there is no jurisdictional basis for this Court to entertain this action even if Plaintiff desired to pursue Title VII remedies.*

"It is a well-settled rule of law that the removal statutes are to be strictly construed against permitting removal." *Continental Resources and Mineral Corp. v. Continental Ins. Co.,* 546 F.Supp. 850, 852

(S.D.W.Va.1982). *See also Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 107, 61 S.Ct. 868, 871, 85 L.Ed. 1214 (1941); *W.Va. State Bar v. Bostic,* 351 F.Supp. 1118, 1120 (S.D. W.Va.1972). The Court must also be wary of removal jurisdiction inasmuch as the Supreme Court has stated that

"The regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined."

*Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934). In recognition of these principles of statutory construction, and the fact that Plaintiff's causes of action are unequivocally based entirely on state law, the Court must decline to exercise jurisdiction over this case and must remand it to the Circuit Court of Kanawha County for further proceedings.

 Inasmuch as this action was improvidently removed by the Defendant, the Court will award Plaintiff her costs and attorney's fees incurred incident to the removal. The Court will take under advisement the amount of fees and costs to be awarded pending Plaintiff's counsel's submission to the Court of the appropriate documentation and itemization of these costs and fees. In documenting the amount of costs and attorney's fees incurred by Plaintiff incident to the removal of this action, counsel shall include the hourly compensation rate specified in counsel's employment contract with the Plaintiff. Plaintiff's counsel's itemization of these costs and fees is to be submitted to the Court within fifteen days of the date this Order is entered, accompanied by an affidavit stating that the costs and fees listed therein are accurate to the best of counsel's knowledge.

---

* Neither does this Court have diversity of citizenship jurisdiction to consider Plaintiff's breach of contract cause of action inasmuch as both parties are West Virginia citizens. *See* 28 U.S.C. § 1332; Complaint at ¶¶ 2 and 3; Answer at ¶¶ 2 and 3.