Shelley **LAMB** and Joyce **Waddell**

v.

John **LAIRD** and The Hearst Corporation.

No. G–95–581.

United States District Court, S.D. Texas, Galveston Division.

Dec. 15, 1995.

Timothy A. Beeton, Simpson, Beeton & Leavenworth, Texas City, TX, Michael William Kerensky, O'Quinn Kerensky & McAninch, Houston, TX, for Shelley Lamb and Joyce Waddell.

Newton Boris Schwartz, Houston, TX, for Shapiro & Watson, LLP, Stephenie Shapiro, Elaine Watson, Donald Cahilly, and Newton B. Schwartz, Sr.

William Wesley Ogden, Jr., Ogden Gibson White & Broocks, Houston, TX, for John Laird.

William Wesley Ogden, Jr., Ogden Gibson White & Broocks, Houston, TX, L. Michael Zinser, James M. Patterson, Jr., Zinser & Patterson, Nashville, TN, for The Hearst Corporation.

### ORDER GRANTING MOTION TO REMAND

KENT, District Judge.

Plaintiffs filed their Original Complaint in the 10th District Court of Galveston County, Texas. Defendants then removed the action to this Court. Now before the Court is Plaintiffs' Motion to Remand for lack of subject matter jurisdiction pursuant to 28 U.S.C.A. § 1447(c) (West 1994). The Motion is GRANTED.

Section 1447(c) provides, inter alia: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c). As the parties wishing to invoke the jurisdiction of this Court, Defendants bear the burden of establishing subject matter jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Willy v. Coastal Crop.*, 855 F.2d 1160, 1164 (5th Cir. 1988). The Court determines subject matter jurisdiction from the First Amended Complaint, which is the Complaint as it existed at the time of removal. *In re Carter*, 618 F.2d 1093, 1100 (5th Cir.1980), *cert. denied*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981).

Defendants rely exclusively on section 1331 as a basis for jurisdiction, and the Court's analysis proceeds accordingly. *See*

*Willy,* 855 F.2d at 1164 (focusing exclusively on § 1331 as a basis for subject matter jurisdiction where the defendant did not claim diversity of citizenship was present). Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331; *see also* 28 U.S.C.A. § 1447(b) (West 1994) (providing the Court with jurisdiction over all removed cases falling within section 1331's grant of original jurisdiction). For jurisdiction to exist under this section, a well-pleaded complaint must reveal a federal question. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *Sarmiento v. Texas Bd. of Veterinary Medical Examiners,* 939 F.2d 1242, 1245 (5th Cir.1991).

The First Amended Complaint states a sexual harassment claim under the Texas Commission on Human Rights Act ("TCHRA"), Tex.Lab.Code Ann. §§ 21.001–.306 (Vernon 1995), and a variety of state common law claims, including intentional infliction of emotional distress, assault, battery, negligence, and gross negligence. It makes no reference to federal law. Nonetheless, Defendants argue that the First Amended Complaint's allegations of sexual harassment in reality state a cause of action which is created by federal law, namely Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e–17 (1994).

Although Plaintiffs may not artfully craft the Complaint to avoid federal jurisdiction, *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust For S. Cal,* 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983) (holding that a plaintiff may not defeat federal jurisdiction by omitting to plead necessary federal questions); *Aquafaith Shipping Ltd. v. Jarillas,* 963 F.2d 806, 808 (5th Cir.) ("The court may find that the plaintiff's claims arise under federal law, even though the plaintiff has not characterized them as federal claims."), *cert. denied,* 506 U.S. 955, 113 S.Ct. 413, 121 L.Ed.2d 337 (1992), that is not the case here. Plaintiffs have simply exercised their option to pursue exclusively state causes of action despite the availability of federal ones. *Caterpillar Inc.*

*v. Williams,* 482 U.S. at 392, 107 S.Ct. at 2429 ("The ... plaintiff ... may avoid federal jurisdiction by exclusive reliance on state law."); *see also Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' [a] law of the United States by his declaration or bill."). The Court agrees that ambiguity may result from viewing the factual averments of sexual harassment in isolation, but the First Amended Complaint's specific reference to the TCHRA, and not to any federal antidiscrimination statute, clearly indicates that Plaintiffs are pursuing relief under state law only. The Court, therefore, must remand the case pursuant to section 1447(c). *See* 28 U.S.C.A. § 1447(c).

The Court further notes that the filing of voluminous Motions by the Defendants is of no moment to the Court in its consideration of the instant Motion to Remand, regardless of the importance or persuasiveness of the Motions. Nor is it relevant that Defendants have concerns that Plaintiffs truly intend to pursue federal remedies, as is supposedly indicated by the inadequacy of their sexual harassment claim under the TCHRA, the issuance of a right to sue letter from the Equal Employment Opportunity Commission, and certain representations made by Plaintiffs in State Court. If and when a claim is asserted under Title VII of the Civil Rights Act of 1964, or any other federal antidiscrimination statute, Defendants will enjoy the right to remove the action to federal court pursuant to 42 U.S.C.A. §§ 1441, 1446(b). In the meantime, the State Court is fully competent to adjudicate the merits of this litigation, including the allegedly defective TCHRA claim for sexual harassment.

For the reasons stated above, the Motion to Remand is **GRANTED.** Plaintiffs Motion for Attorneys Fees and Costs pursuant to 42 U.S.C.A. § 1447(c) and Federal Rule of Civil Procedure 11 is **DENIED. THE ABOVE-CAPTIONED CAUSE OF ACTION IS HEREBY REMANDED TO THE 10th DISTRICT COURT OF GALVESTON COUNTY, TEXAS, FOR LACK OF SUB-**

JECT MATTER JURISDICTION. Each party is to bear his or its own taxable costs and expenses incurred herein to date. It is also **ORDERED** that the parties file nothing further in this matter, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled from the courts of the State of Texas, as may be appropriate in due course.[1]

**IT IS SO ORDERED.**

---

1. This Order is not reviewable in any form. 28 U.S.C.A. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...."); *In re Shell Oil Co.*, 932 F.2d 1518, 1520 (5th Cir. 1991), (characterizing remand orders based on lack of subject matter jurisdiction as "clearly unreviewable"), *cert. denied*, 502 U.S. 1049, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992).