James **PENDERGRAPH**, Plaintiff,

v.

**CROWN HONDA–VOLVO, LLC, Defendant.**

No. 1:99CV00576.

United States District Court, M.D. North Carolina.

Nov. 22, 1999.

Corie Pauling, Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A., Chapel Hill, NC, Geraldine Sumter, Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A., Charlotte, NC, for Plaintiffs.

Maranda J. Freeman, Cranfill, Sumner & Hartzog, Raymond M. Davis, Cranfill, Sumner & Hartzog, L.L.P., Raleigh, NC, for Defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This matter is before the court on Plaintiff's motion to remand. In this case, Plaintiff James Pendergraph complains that his employer, Defendant Crown Honda–Volvo, LLC, engaged in racial harassment, race-based disparate treatment, retaliation and other discriminatory conduct that led to Plaintiff's wrongful discharge. Plaintiff alleges violations of the Orange County Civil Rights Ordinance ("the Ordinance") and asserts various state law claims. For the reasons set forth below, the court will grant Plaintiff's motion.

### FACTS

Plaintiff was employed in the service department of Defendant's car dealership in Chapel Hill, North Carolina, from December 1988 through May 1996. On May 28, 1996, shortly after his employment was terminated, Plaintiff initiated charges of race discrimination, racial harassment, and retaliation against Defendant. Plaintiff filed an employment discrimination complaint with the Orange County Human Rights and Relations Department ("OCHRRD") and a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), alleging violations of the Ordinance and Title VII of the Civil Rights Act of 1964 ("Title VII"). During September of 1998, Plaintiff received a notice of right to sue from the OCHRRD enabling him to "file a civil action pursuant to the Orange County Civil Rights Ordinance in the Orange County Superior Court."

On May 21, 1999, Plaintiff sued Defendant in Orange County Superior Court for violations of the Ordinance and various state laws. On July 13, 1999, Defendant filed a notice of removal from state court pursuant to 28 U.S.C. § 1441, which alleged this court has original jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff now moves to remand this matter to state court on the ground that there is no federal question jurisdiction because Plaintiff's cause of action arises exclusively under state and local law.

### DISCUSSION

Defendant removed this case asserting that the court has jurisdiction under Title 28, United States Code, Section 1441(a), which states, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ., to the district court of the United States for the district and division embracing the place where such action is pending." Defendant claims that removal is proper because this court has federal question jurisdiction over this suit. *See* 28 U.S.C. § 1441(b). Defendant, as the party seeking removal, bears the burden of establishing jurisdiction. *See Mulcahey v. Columbia Organic Chemicals Co.,* 29 F.3d 148, 151 (4th Cir.1994). If juris-

diction is doubtful, a remand is necessary. *See id.*

■ As an initial matter, Defendant argues that Plaintiff's concurrent filing with the EEOC provides a basis for federal question jurisdiction that cannot be defeated through artful pleading. This argument fails because Plaintiff's preliminary filing with the EEOC did not constitute a binding election to proceed with his federal claims. *See Lamb v. Laird*, 907 F.Supp. 1033, 1035 (S.D.Tex.1995) ("Nor is it relevant [to the court in its consideration of a motion to remand] that Defendants have concerns that Plaintiffs truly intend to pursue federal remedies, as is supposedly indicated by ... the issuance of a right-to-sue letter from the Equal Employment Opportunity Commission"). Through filing with the EEOC, Plaintiff did not forfeit his right to pursue state and local remedies in state court. *See* 42 U.S.C. § 2000h–4 ("Nothing contained in any title of this Act shall be construed ... as invalidating any provision of State law unless such provision is inconsistent with any of the purposes of this Act, or any provision thereof.").

■ Defendant also contends that removal is proper because Plaintiff's state law claims depend on the resolution of a substantial question of federal law. In essence, Defendant claims that vindication of Plaintiff's rights under the Ordinance necessarily turns on the construction of federal law, and therefore removal is warranted.

■ For jurisdiction to exist under 28 U.S.C. § 1331, a well-pleaded complaint must reveal a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The plaintiff is the master of his claim and normally may avoid federal jurisdiction by relying exclusively on state law. *See id.* "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n. 6, 106

S.Ct. 3229, 92 L.Ed.2d 650 (1986). Under the well-pleaded complaint rule, federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

Plaintiff's complaint states employment discrimination and retaliation claims under the Ordinance and North Carolina common law and public policy. The Ordinance creates a private right of action in Orange County Superior Court upon the issuance of a right-to-sue letter. *See* OCCRO, Art. X, *Civil Actions* § (a). The purpose of the Ordinance is "to promote the equal treatment of all individuals; [and] to prohibit discrimination in Orange County based on race, color, religion, sex, national origin, age, disability, familial status, and veteran status." *Id.* at Art. II, *Findings of Fact, Purpose, Construction, and Severability* § 2.2(a). To this end, the Ordinance prohibits "discharg[ing] any individual or otherwise ... discriminat[ing] against any individual with respect to that individual's compensation, terms, conditions, or privileges of employment, because of such individual's race:" *Id.* at Art. IV, *Unfair Employment* § 4.1(a)(1).

Plaintiff's complaint makes no reference to federal law. Nonetheless, Defendant argues that the complaint's allegations of employment discrimination in reality state a cause of action which is created by federal law, namely Title VII, 42 U.S.C. §§ 2000e to 2000e–17 (1994). Although Defendant is correct in its assertion that a plaintiff may not artfully craft a complaint to avoid federal jurisdiction, its argument is misguided in this context. In the instant case, Plaintiff has merely exercised his option to pursue exclusively state causes of action despite the availability of

federal ones. *See Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425.

■ Defendant contends that Plaintiff's claims necessarily arise under federal law because the Ordinance is interpreted in accordance with federal law. However, the mere fact that a local ordinance is construed in accordance with a federal statute does not give rise to federal question jurisdiction. In other words, the fact that "state law independently espouses the same public policy established by Title VII" does not transform Plaintiff's state law claims into federal causes of action. *See Rains v. Criterion Sys.*, 80 F.3d 339, 345 (9th Cir.1996). Clearly, the state or local government's decision to look to federal law for guidance in interpreting state law does not federalize the cause of action. *See, e.g., North Carolina Dept. of Correction v. Gibson*, 308 N.C. 131, 141, 301 S.E.2d 78, 85 (1983) (the North Carolina Supreme Court has "adopt[ed] the [federal] evidentiary standards and principles of law" in discrimination cases under the North Carolina Equal Employment Practices Act (the "EEPA")); *Newton v. Lat Purser & Assocs., Inc.*, 843 F.Supp. 1022, 1025 (W.D.N.C.1994) (noting that "claims arising under [the EEPA] present no questions of federal law").

The situation at hand, where a plaintiff asserts a claim for recovery under a state statute that is modeled after federal law, should be distinguished from the situation in which a plaintiff asserts a claim that incorporates a federal statute or standard as an element of recovery under state law. However, even those latter-type cases, which undoubtedly provide a sounder basis for finding jurisdiction, have been held insufficient to state a claim arising under federal law. *See Moore v. Chesapeake & Ohio Ry. Co.*, 291 U.S. 205, 214, 54 S.Ct. 402, 78 L.Ed. 755 (1934) (holding that fed-

eral question jurisdiction does not exist if a state has merely incorporated federal law by reference within its own law); *Merrell Dow*, 478 U.S. at 814–15, 106 S.Ct. 3229 n.12 (noting that "the violation of the federal standard as an element of state tort recovery did not fundamentally change the state tort nature of the action"); *Mulcahey*, 29 F.3d at 152–54 (holding that a complaint's reference to federal environmental statutes as the basis for a claim alleging negligence *per se* did not suffice to state a claim arising under federal law).

The complaint's specific reference to the Ordinance, and not to Title VII or any other federal anti-discrimination statute, clearly indicates that Plaintiff is pursuing relief under state law only. Therefore, the court must remand the case pursuant to Section 1447(c). *See Lamb*, 907 F.Supp. at 1035 (holding that a complaint asserting several state common law claims and sexual harassment claim under the Texas Commission on Human Rights Act (TCHRA) did not arise under federal law for purposes of federal question jurisdiction statute); *Ferrell v. Heck's, Inc.*, 604 F.Supp. 683, 684 (S.D.W.Va.1985) (remanding an action based on breach of contract and violations of the West Virginia Human Rights Act and noting that "[t]he fact that Plaintiff *could have* pursued her sex discrimination claim via Title VII is irrelevant" to the removal analysis). To conclude otherwise would make it difficult, if not impossible, to bring a discrimination action under a state or local ordinance without being subject to removal to federal court. *See Rains*, 80 F.3d at 347. This result, *i.e.*, the preclusion of a state or local forum to resolve employment discrimination disputes, would be contrary to the express purposes of Title VII.[1] *See California Federal Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 282–83, 107 S.Ct. 683, 93 L.Ed.2d 613 (1987) (noting that "[t]he nar-

---

1. Title VII provides: "[N]othing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this subchapter." 42 U.S.C. § 2000e–7.

row scope of preemption available under [Title VII] reflects the importance Congress attached to state antidiscrimination laws in achieving Title VII's goal of equal employment opportunity"). Thus, the court concludes that Plaintiff's cause of action under the Ordinance does not arise under federal law and should not be re-characterized as a federal claim.

## CONCLUSION

For the foregoing reasons the court will grant Plaintiff's motion to remand. Defendant's "Objections to Plaintiff's Reply Brief" will be treated as a motion to strike Plaintiff's reply brief and will be granted (L.R.7.3(d)). Plaintiff's motion to submit an amended reply brief will also be granted. Plaintiff's motion for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) will be denied in view of the fact that this court, at least, needed more than a "brief examination of the relevant authority" to determine the "well settled principle" that federal jurisdiction did not exist.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

## ORDER

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Defendant's "Objections to Plaintiff's Reply Brief" is hereby treated as a motion to strike Plaintiff's reply brief and is **GRANTED**, and Plaintiff's reply brief [Doc. # 13] is **STRICKEN.**

IT IS FURTHER ORDERED that Plaintiff's motion [Doc. # 16] to submit an amended reply brief is **GRANTED.**

IT IS FURTHER ORDERED that Plaintiff's motion [Doc. # 5–2] for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) is **DENIED.**

IT IS FURTHER ORDERED that Plaintiff's motion [Doc. # 5–1] to remand

is **GRANTED**, and this action is **REMANDED** to the General Court of Justice, Superior Court Division, Orange County, North Carolina.